J-A27020-17

2018 PA Super 117


RONALD COOK

          Appellee

     v.

DEBORAH COOK

          Appellant

:   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
:
:
:
:
:
:
:
:
:   No. 454 WDA 2017


Appeal from the Order January 27, 2017
In the Court of Common Pleas of Allegheny County Family Court at No(s):
FD 13-006245-017


BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

OPINION BY SHOGAN, J.:                    **FILED MAY 04, 2018**

Appellant, Deborah Cook ("Wife"), appeals from the order setting forth the equitable distribution of marital assets in this divorce action with Appellee, Ronald Cook ("Husband"). In addition, Husband has filed a motion to dismiss particular issues raised by Wife in her Pa.R.A.P. 1925(b) statement that she has failed to set forth in her appellate brief. We affirm in part, reverse in part, and remand with instructions. Husband's motion to dismiss Wife's abandoned issues is granted.

We summarize the procedural history of this case as follows. Husband and Wife married in 1986. They have one adult child. Husband filed a divorce complaint in February of 2013. Wife filed an answer and counter-claim in June of 2013. The parties entered into a consent order in August of

2013, with Husband agreeing to pay Wife alimony *pendente lite* in the amount of $2,300.00 per month.

A master's hearing on equitable distribution was held in June of 2016. The master issued a report on August 3, 2016. Wife filed timely exceptions, and Husband filed cross-exceptions. The trial court ruled on the exceptions on January 27, 2017, and granted and denied each party's exceptions in part. The trial court determined the marital estate to be valued at $638,567.00. Wife was awarded 55% of the marital estate ($351,212.00). Husband received 45% ($287,355.00). In addition, each party was responsible for a relatively small amount of debt (Wife $8,000 and Husband $6,400). Husband's attempts to terminate alimony *pendente lite* have been denied by the trial court.

The parties' divorce decree was dated March 6, 2017, and filed on March 7, 2017. On March 21, 2017, Wife filed this timely notice of appeal. Both Wife and the trial court have complied with Pa.R.A.P. 1925.

Wife presents the following issues for our review:

I. Whether the lower court committed an error of law and abuse of discretion by denying Wife alimony.

II. Whether the lower court committed an error of law and abuse of discretion by denying Wife's Petition to Modify Alimony *pendente lite*.

III. Whether the lower court committed an error of law and abuse of discretion by awarding only 50% of the proceeds from the sale of the marital residence, and 55% of the remainder of the marital estate to Wife.

IV. Whether the lower court erred as a matter of law and abused its discretion by denying Wife her claim for counsel fees, despite the disparity in incomes.

V. Whether the Court erred in awarding Husband counsel fees.

Wife's Brief at 5.[1]

Initially, we observe that in the context of an equitable distribution of marital property, a trial court has the authority to divide the award as the equities presented in the particular case may require. *Mercatell v. Mercatell*, 854 A.2d 609, 611 (Pa. Super. 2004). "Our scope of review in equitable distribution matters is limited. Awards of alimony, counsel fees, and property distribution are within the sound discretion of the trial court and will not be disturbed absent an error of law or abuse of discretion." *Smith v. Smith*, 749 A.2d 921, 924 (Pa. Super. 2000).

Wife first argues that the trial court erred in addressing her request for alimony, claiming the factors set forth in 23 Pa.C.S. § 3701(b) weigh in favor of long-term alimony. Wife's Brief at 10-14. Specifically, she contends

---

[1] We observe that Wife has included in her Pa.R.A.P. 1925(b) statement additional issues of trial court error that she has not presented in her appellate brief. Wife's Brief at 2. Husband has filed a motion to dismiss issues on appeal that have not been presented in Wife's brief. Motion to Dismiss, 10/20/17. We conclude that those claims not included in Wife's appellate brief have been abandoned because Wife has not included those issues in her statement of questions involved, Wife's Brief at 5, nor has she developed any argument relating to those issues in the argument section of her brief as required by Pa.R.A.P. 2119(a). Wife's Brief at 10-28. *See Green v. Green*, 69 A.3d 282, 286 n.3 (Pa. Super. 2013) (finding issues waived for failure to develop claims in argument section of appellate brief). Accordingly, we grant Husband's Motion to Dismiss those issues.

that her income, earning capacity, education, age, medical issues, contributions as homemaker, current needs, the modest size of her share of the marital estate, and the length of the marriage favor her receipt of alimony.

We begin by noting the following:

Following divorce, alimony provides a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution. *Teodorski v. Teodorski,* 857 A.2d 194, 200 (Pa. Super. 2004) (citation omitted). An award of alimony should be made to either party only if the trial court finds that it is necessary to provide the receiving spouse with sufficient income to obtain the necessities of life. *Stamerro v. Stamerro,* 889 A.2d 1251, 1259 (Pa. Super. 2005). "The purpose of alimony is not to reward one party and punish the other, but rather to ensure that the reasonable needs of the person who is unable to support herself through appropriate employment are met." *Miller v. Miller,* 744 A.2d 778, 788 (Pa. Super. 1999) (citation omitted).

"Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." *Teodorski,* [*supra*] at 200 (citation omitted). An award of alimony may be reversed where there is an apparent abuse of discretion or there is insufficient evidence to support the award. *Jayne v. Jayne,* [] 663 A.2d 169[, 174] ([Pa. Super.] 1995).

*Kent v. Kent*, 16 A.3d 1158, 1161 (Pa. Super. 2011) (quoting *Balicki v. Balicki*, 4 A.3d 654, 659 (Pa. Super. 2010)). In determining "whether alimony is necessary and to establish the appropriate nature, amount, and duration of any alimony payments, the court is required to consider **all** relevant factors, including the 17 factors that are expressly mandated by

statute."[2]  ***Lawson v. Lawson***, 940 A.2d 444, 447 (Pa. Super. 2007)

(emphasis in original).

---

[2]  Section 3701 of the Divorce Code, 23 Pa.C.S. §§ 3101-3904, sets forth the relevant factors for determining alimony as follows:

**§ 3701.  Alimony**

**(a) General rule.--**Where a divorce decree has been entered, the court may allow alimony, as it deems reasonable, to either party only if it finds that alimony is necessary.

**(b) Factors relevant.--**In determining whether alimony is necessary and in determining the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors, including:

(1) The relative earnings and earning capacities of the parties.

(2) The ages and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

*(Footnote Continued Next Page)*

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S. § 3701(a)-(b).

In addressing this claim, the trial court offered the following pertinent discussion:

> The Master denied Wife's request for alimony; th[e trial c]ourt affirmed. The purpose of an alimony award "is not to reward one party or punish the other, but rather, as held by our Supreme Court, to provide the receiving spouse with sufficient income to obtain the necessities of life." ***Lawson v. Lawson***, 940 A.2d 444, 447 (Pa. Super. Ct. 2007) (internal citations omitted). In other words, "to ensure that the reasonable needs of the person who is [unable] to support himself or herself through appropriate employment are met." ***Id***. (internal citations omitted). To that end, "alimony is considered a *secondary remedy*, available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill." ***Id***. (internal citations omitted). If a party who is receiving alimony is able to meet his or her reasonable needs through employment, "the court is to fashion an alimony order to be in effect only until such employment has been obtained or the party has developed an appropriate employable skill." ***Mazzei v. Mazzei***, 480 A.2d 1111, 1116 (Pa. Super. Ct. 1984). . . .
>
> Husband is a college educated sports writer and journalist who is employed by the Post-Gazette and CBS with earnings over $160,000 per year. Hearing transcript, p.73-84; Husband's 2015 1040. Wife is a high school graduate who works as an income maintenance caseworker for the Commonwealth of Pennsylvania with earnings of over $44,500. Hearing transcript, p. 138-139; Wife's 2015 1040. At the time of the hearing, Wife was 61 years old and Husband was 59 years old.[1] Hearing transcript, p. 133 & 9. Both parties have established retirement accounts with Husband's accounts having a larger balance. Neither party testified to receiving or expecting to receive an inheritance. The parties were married for 26 years. Hearing transcript, p. 4-5. The parties have one emancipated child. Hearing transcript, p. 5. In regards to the parties' standard of living during the marriage, Husband testified, "It was nice. We went on a nice vacation every year. We didn't go to the French Alps, but we would go to Florida once a year. We would eat out a lot. It was okay. It was nice. I wouldn't say extravagant.

But it was fine." Hearing transcript, p. 14. Both parties have obtained appropriate employment.

> [1] The Hearing Officer referenced the parties' ages incorrectly in the "History" portion of his Report. Wife was reported as 59 years old while Husband's age was reported as 61. Throughout the Equitable Distribution portion of the Report, however, the Master correctly referenced the number of years both parties have until retirement including that Wife will reach retirement first.

The Master denied alimony to Wife on numerous grounds including the property Wife retained and the retirement assets Wife is to receive. Th[e trial c]ourt rejects the Master's determination that the retirement assets justify a denial of alimony. Instead, th[e trial c]ourt finds that Wife has already obtained appropriate employment that is sufficient to meet her needs, thereby rendering alimony unnecessary.

Additionally, the Master found Wife's budget to be incredible. "A master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." *Childress v. Bogosian*, 12 A.3d 448, 455-456 (Pa. Super. Ct. 2011). Further, with regards to witness credibility, "It is within the province of the trial court to weigh the evidence and decide credibility and th[e appellate c]ourt will not reverse those determinations so long as they are supported by the evidence." *Id*. The record supports the Master's credibility determination on this issue. Wife's monthly budget exceeded her monthly income plus the APL she has been receiving since July 2013. Wife received $4,450 net per month through her salary and APL. Wife's monthly expenditures total $6,317.26. This includes a mortgage of $1,388 per month, $635 per month in clothing expenses, $200 per month in donations, $900 per month in attorneys' fees, and $450 per month on vacations.

Trial Court Opinion, 5/12/17, at 3-5 (emphasis in original).

Upon review of the record, we are constrained to conclude that the trial court did not abuse its discretion in refusing to award alimony to Wife. Wife appended a budget to her pretrial statement that neither the Master nor the trial court found to be credible. Wife's Pretrial Statement, 5/27/16, at 9. The trial court properly noted that the budget presented by Wife was not credible because it exceeded Wife's combined net monthly income received from her salary and the alimony *pendente lite* from Husband. The trial court was acting within its discretion in crediting the testimony of Husband regarding the parties' standard of living, particularly Husband's statement that "It was okay. It was nice. I wouldn't say extravagant. But it was fine." N.T., 6/6/16, at 14. The trial court also properly analyzed Wife's reasonable needs and determined that Wife has already obtained appropriate employment that is sufficient to meet her needs, thereby rendering alimony unnecessary." Trial Court Opinion, 5/12/17, at 5. We conclude that the trial court's findings are supported by the record. Hence, we agree with the trial court's determination in this regard and conclude that Wife's contrary claim lacks merit.

Wife next argues that the trial court erred with regard to its determination pertaining to the award of alimony *pendente lite*. Wife's Brief at 15-18. Wife claims that, in calculating the amount of alimony *pendente lite*, the trial court erred in projecting incomes for 2016, which were based upon pay stubs from the early months of 2016. *Id*. at 15. Wife asserts that

the trial court should have used the parties' actual incomes from 2015. *Id*.

In addition, Wife contends that the trial court, in preparing its calculation,

failed to account for the mortgage deviation under Pa.R.C.P. 1910.16-6(e)

and Wife's unreimbursed medical expenses under Pa.R.C.P. 1910.16-6(c).

*Id*. at 17-18.

The Divorce Code provides, "In proper cases, upon petition, the court

may allow a spouse reasonable alimony *pendente lite*, spousal support and

reasonable counsel fees and expenses." 23 Pa.C.S. § 3702. By way of

background:

> [Alimony *pendente lite*] is an order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding. [Alimony *pendente lite*] is designed to help the dependent spouse maintain the standard of living enjoyed while living with the independent spouse. Also, and perhaps more importantly, [alimony *pendente lite*] is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets which are the financial sinews of domestic warfare. [Alimony *pendente lite*] is thus not dependent on the status of the party as being a spouse or being remarried but is based, rather, on the state of the litigation. . . . [T]he purpose of [alimony *pendente lite*] is to provide the dependent spouse equal standing during the course of the divorce proceeding. . . . [Alimony *pendente lite*] focuses on the ability of the individual who receives the [alimony *pendente lite*] during the course of the litigation to defend her/himself, and the only issue is whether the amount is reasonable for the purpose, which turns on the economic resources available to the spouse.

**Schenk v. Schenk**, 880 A.2d 633, 644-645 (Pa. Super. 2005).

The amount awarded as alimony *pendente lite* is within the sound

discretion of the trial court and, absent an abuse of discretion, will not be

disturbed on appeal. *Litmans v. Litmans*, 673 A.2d 382, 388 (Pa. Super. 1996). An award of alimony *pendente lite* "may be modified or vacated by a change in circumstances. The award is always within the control of the court. It is the burden of the party seeking to modify an order of support to show by competent evidence that a change of circumstances justifies a modification." *Id*. (citations omitted). "If an order of [alimony *pendente lite*] is bolstered by competent evidence, the order will not be reversed absent an abuse of discretion by the trial court." *Strauss v. Strauss*, 27 A.3d 233, 236 (Pa. Super. 2011).

Pursuant to Pa.R.C.P. 1910.16-2, "the amount of support to be awarded is based upon the parties' monthly net income." The same rule directs that, to arrive at monthly net income, the court shall deduct specific items from monthly gross income. Pa.R.C.P. 1910.16-2(c). In addition, the rule instructs that "[m]onthly gross income is **ordinarily based upon at least a six-month average** of all of a party's income." Pa.R.C.P. 1910.16-2(a) (emphasis added).

In addressing this claim, the trial court offered the following discussion:

> Wife filed a Petition to Modify Support on August 26, 2015, that was heard by the Master during the equitable distribution hearing. The Master denied Wife's Petition stating that it was not warranted. Wife filed Exceptions to this issue arguing that the Master erred in calculating Husband's income. Wife relied upon Husband's 2015 tax return showing a wage/salary of $169,852.

Pa.R.C.P. 1910.19(c), governing support modifications, provides:

(c) Pursuant to a petition for modification, the trier of fact may modify or terminate the existing support order in any appropriate manner based upon the evidence presented without regard to which party filed the petition for modification. *If the trier of fact finds that there has been a material and substantial change in circumstances, the order may be increased or decreased depending upon the respective incomes of the parties, consistent with the support guidelines and existing law, and each party's custodial time with the child at the time the modification petition is heard.*

Pa.R.C.P. 1910.19(c) (emphasis added).

The Master utilized the parties' most recent paystubs to calculate their projected net incomes for 2016. Husband's paystubs reflect projected 2016 earnings of $160,148.04, resulting in a net [monthly] income of $8,721.47. Wife's paystubs reflect projected 2016 earnings of $46,371, resulting in a net [monthly] income of $2,967.54. The difference in the parties' incomes is $5,753.93; and when multiplied by 40%, is $2,301.57. Husband had been paying Wife $2,300 in alimony pendente lite. There is a difference of $1.57 per month. [The trial c]ourt denied Wife's exception finding that there had not been a material and substantial change in circumstances.

Trial Court Opinion, 5/12/17, at 6.

The master's report presented the following, more detailed, explanation of the calculations:

On August 26, 2015, Wife petitioned to modify the alimony *pendente lite* alleging a material change in circumstances had occurred since the entrance of the original order. Wife alleged that Husband's income had increased.

Husband submitted his paystubs from his employers. According to the paystub from [Husband's first employer], (Husband's exhibit A) Husband's year-to-date gross income as of

- 12 -

May 26, 2016 was $25,465.89. This amount also included bonuses. When this amount is extrapolated to the end of the year, his salary would be $60,192.82. According to the paystub from [husband's second employer], (Husband's exhibit B) Husband's year to date gross income as of May 28, 2016 was $42,289.19. When this amount is extrapolated to the end of the year, his salary would be $99,995.96. Therefore, Husband's annual gross income from both employers is $160,148.78. Placing Husband as married filing separately for federal income tax purposes, and taking into consideration his annual union dues of $230, Husband's net monthly income is $8,721.47.

Wife submitted her paystubs from her employer. According to the paystub submitted by Wife, (Exhibit 26) her year-to-date gross income as of April 29, 2016, was $16,051.50. When this amount is extrapolated to the end of the year, her salary would be $46,371. Placing Wife as married filing separately for federal income tax purpose, her net monthly income is $2,967.54.

The difference between the parties' net monthly incomes of $5,753.93, multiplied by 40%, is $2,301.57. As Husband has been paying $2,300 per month to Wife, it appears that a modification of the existing Alimony *Pendente Lite* is not warranted and her petition is dismissed.

Master's Report, 8/3/16, at 10-11.

Upon review of the certified record, it is obvious that the master and the trial court relied upon five months of pay stubs in calculating Husband's projected gross income for 2016. The trial court and master relied upon four months of pay stubs in calculating Wife's projected income for 2016. This method is in contradiction with Pa.R.C.P. 1910.16-2(a), which instructs that "[m]onthly gross income is ordinarily based upon at least a six-month average of all of a party's income." Therefore, we are constrained to conclude that the trial court abused its discretion in failing to employ the

method of calculation set forth in Rule 1910.16-2(a). Hence, we reverse the portion of the trial court's order that denied Wife's exception number five, which alleged an error by the master in calculating the parties' incomes pursuant to her request for modification of alimony *pendente lite*. Furthermore, we remand the matter to the trial court for a proper calculation of the parties' incomes as directed under Rule 1910.16-2.

Wife further claims that, in calculating the award of alimony *pendente lite*, the trial court erred in failing to account for the mortgage deviation and Wife's unreimbursed medical expenses. However, this allegation is waived for purposes of appeal.

Generally, pursuant to Pa.R.A.P. 302(a), "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." **See Twilla v. Twilla**, 664 A.2d 1020, 1027 (Pa. Super. 1995) (holding issues waived in equitable distribution matter where the wife failed to raise the issues before the lower court in exceptions to master's report). Likewise, Pa.R.C.P. 1920.55-2(b) addresses exceptions to master's reports and provides that "[e]ach exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters." **See Nagle v. Nagle**, 799 A.2d 812, 821 (Pa. Super. 2002) (concluding that issue was waived because it was not included in exceptions to the master's report); **Schuback v. Schuback**, 603

A.2d 194, 197 (Pa. Super. 1992) (finding issue to be waived and refusing to consider it for the first time on appeal because the husband failed to present the claim in his exceptions to the master's report).

Our review of the record reflects that Wife failed to present specifically the issue of the mortgage deviation and unreimbursed medical expenses to the trial court. The only exception raised by Wife pertaining to modification of alimony *pendente lite* provides as follows:

> 5. The Master erred as a matter of law and/or abused his discretion when he denied Wife's request for modification of the alimony *pendent lite* order; specifically, the Master erred and/or abused his discretion, by failing to accurately calculate the income of the parties and by failing to tax-impact the income of the parties relative to the payment of alimony *pendent lite*.

Wife's Exceptions, 8/22/16, at 2.

Accordingly, Wife has failed to preserve this particular claim of error in the calculation of the award of alimony *pendente lite* for appellate review. Consequently, this argument has been waived.

Wife next argues that the trial court improperly distributed the marital estate. Wife's Brief at 19-21. Wife notes that the trial court awarded her fifty-five percent of the marital estate and fifty percent of the proceeds of the marital residence. *Id*. at 19-20. Wife contends that, because she stopped working when her daughter was born, she lost the ability to add value to her retirement savings. *Id*. at 20. Wife further claims that the factors that weigh in favor of her receiving a larger share of the marital estate include the length of the marriage, Wife's age being sixty-two, her

contributions to the household, and her current and future income versus Husband's income. *Id*. Wife is seeking a sixty percent share of both the marital estate and proceeds from the sale of the marital residence. *Id*. at 21.

The following principles guide our review:

> Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.

*Smith v. Smith*, 904 A.2d 15, 18 (Pa. Super. 2006) (quoting *McCoy v. McCoy*, 888 A.2d 906, 908 (Pa. Super. 2005)). As we previously observed, in the context of an equitable distribution of marital property, a trial court has the authority to divide the award as the equities presented in the particular case may require. *Mercatell*, 854 A.2d at 611. "In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights."[3] *Morgante v.*

---

[3] The relevant factors in an equitable distribution determination are:

(1) The length of the marriage.

(2) Any prior marriage of either party.

*(Footnote Continued Next Page)*

***Morgante***, 119 A.3d 382, 387 (Pa. Super. 2015) (quoting ***Biese v. Biese***,

979 A.2d 892, 895 (Pa. Super. 2009)). "[A] master's report and

*(Footnote Continued)* ─────────────────

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

(10.1) The Federal, State and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain.

(10.2) The expense of sale, transfer or liquidation associated with a particular asset, which expense need not be immediate and certain.

(11) Whether the party will be serving as the custodian of any dependent minor children.

23 Pa.C.S. § 3502(a).

recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." *Moran v. Moran*, 839 A.2d 1091, 1095 (Pa. Super. 2003).

The trial court addressed the distribution of the marital estate as follows:

> The parties were married for 26 years. Hearing transcript, p. 4-5. Both parties are employed and nearing retirement age. Wife is slightly closer to retirement and earning a lesser income. Based on Husband's career and age, he has a greater opportunity for future acquisition of capital assets and income. Both parties receive benefits through their respective employment. The marital estate is comprised mainly of retirement accounts with little tangible property going to the parties other than vehicles. In regards to the parties' standard of living during the marriage, Husband testified, "It was nice. We went on a nice vacation every year. We didn't go to the French Alps, but, we would go to Florida once a year. We would eat out a lot. It was okay. It was nice. I wouldn't say extravagant. But it was fine." Hearing transcript, p. 14. The parties' only child is emancipated.
>
> Based on these factors, a 55%/45% distribution in favor of Wife, excluding the marital residence, is equitable. This distribution provides slightly more to Wife given her lesser income and lesser opportunity for acquisition of future assets.

Trial Court Opinion, 5/12/17, at 12-13. Upon our thorough review of the record, we agree with the trial court and conclude that the trial court did not abuse its discretion in distributing the marital property.

In her fourth issue, Wife argues that the trial court erred in denying her claim for counsel fees. Wife's Brief at 22-24. Wife contends that

Husband's income provides him with the ability to pay all or a substantial portion of Wife's counsel fees. Wife posits that she needs the award of counsel fees in order to pursue her divorce and not to be at a financial disadvantage.

Before we address this issue, we must consider whether the claim presented by Wife has been preserved for appellate review. Wife alleges that she raised the issue of her request for counsel fees in her exception number six to the Master's Report. Wife's Brief at 22.

As we previously discussed, pursuant to Pa.R.A.P. 302(a), "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Further, Pa.R.C.P. 1920.55-2(b) explains that "[e]ach exception [to a master's report] shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters."

Our review of the record reflects that Wife has failed to present precisely this issue challenging the denial of her claim for counsel fees to the trial court. The trial court made the following relevant observation:

> The Master's Report and Recommendation denied Wife's claim for counsel fees while awarding Husband's claim for counsel fees in the amount of $2,500 to [be] paid by Wife. On Exceptions, Wife raised the following issues pertaining to counsel fees:
>
> > #6 The Master erred as a matter of law and/or abused his discretion **when he decided that Wife**

- 19 -

> **should pay $2,500 in counsel fees to Husband; specifically, the Master erred by awarding fees to Husband** on the basis that Wife should have been satisfied with informal discovery, while disregarding Husband's failure to either informally or formally provide the model year of his vehicle to Wife, by disregarding Husband's failure to provide the balance in his bank account at separation to Wife, by disregarding Husband's failure to provide Marriott points information to Wife; and by disregarding the expenses, fees, and costs which Husband caused Wife to incur due to Husband's refusal to provide any documents except by way of authorizations; additionally, the Master erred by awarding fees on the finding that Wife did not provide her address to Husband even though Husband was dropping their daughter at Wife's address.
>
> #7 The Master erred and abused his discretion by awarding [f]ees to Husband based upon Wife's request to transfer venue to Butler County, when Husband gave a false Allegheny County address under oath in his verified divorce complaint, both parties were living together in Butler County at the time when the divorce complaint was filed, and both parties still live in Butler County.
>
> Wife failed to take exceptions to *her* denied request for counsel fees. Wife's Brief in Support of Exceptions is scant of any reference to *her* request for counsel fees. . . . Therefore, this issue has been waived.

Trial Court Opinion, 5/12/17, at 8 (bold emphasis added, italic emphases in original). Upon review of the record, we conclude that the language Wife used in her exceptions was an argument to support her assertion that counsel fees should not have been awarded to Husband. The language was not an actual request that Wife be awarded counsel fees, as required under Pa.R.C.P. 1920.55-2(b). Moreover, Wife's Brief in Support of Exceptions

filed with the trial court did not address the lack of counsel fees being awarded to Wife. Wife's Brief in Support of Exceptions, 10/31/16 (Docket #45). Hence, we are constrained to agree with the trial court that Wife has failed to preserve this issue for appellate review. Accordingly, we conclude that the issue has been waived.

Wife last argues that the trial court erred in awarding counsel fees to Husband. Wife's Brief at 25-28. Wife claims the trial court abused its discretion in awarding Husband $2,500 in counsel fees, alleging that there was no basis in the record for such a sanction. She asserts that Husband did not properly request such sanctions because his request for counsel fees was raised under section 3702 of the Divorce Code, which permits counsel fees to a dependent spouse in order to place the parties on equal financial footing. *Id*.

We observe that Section 3702 of the Divorce Code provides that "the court may allow a spouse . . . reasonable counsel fees and expenses." 23 Pa.C.S. § 3702. "The purpose of an award of counsel fees is to promote fair administration of justice by enabling the dependent spouse to maintain or defend the divorce action without being placed at a financial disadvantage; the parties must be 'on par' with one another." *McCoy*, 888 A.2d at 909 (quoting *Teodorski*, 857 A.2d at 201). "Counsel fees are awarded based on the facts of each case after a review of all the relevant factors. These factors include the payor's ability to pay, the requesting party's financial

resources, the value of the services rendered, and the property received in equitable distribution." *Id.* (quoting *Teodorski*, 857 A.2d at 201).

Moreover, we observe that counsel fees were imposed in favor of Husband pursuant to 42 Pa.C.S. § 2503, which provides, in relevant part, as follows:

**§ 2503. Right of participants to receive counsel fees**

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

* * *

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

42 Pa.C.S. § 2503(7). In addition, we have stated:

Section 2503(7) is a statutory provision enabling a participant to receive reasonable counsel fees when another participant engages in dilatory, obdurate or vexatious conduct during the pendency of a matter. *In re Estate of Liscio*, 432 Pa. Super. 440, 638 A.2d 1019 (1994). . . . Moreover, "it is well-settled that this Court will not reverse the trial court on its decision to award counsel fees absent an abuse of discretion." *O'Connell v. O'Connell*, 409 Pa. Super. 25, 597 A.2d 643, 647 (1991) (citation omitted).

*Bonds v. Bonds*, 689 A.2d 275, 279–280 (Pa. Super. 1997). *See Kulp v. Hrivnak*, 765 A.2d 796, 800 (Pa. Super. 2000) (trial court award of attorneys' fees affirmed where lower court found the appellants' conduct dilatory, obdurate, and vexatious). *Cf. Busse v. Busse*, 921 A.2d 1248, 1258 (Pa. Super. 2007) (no abuse of discretion for award of counsel fees

where the husband prolonged the already extensive litigation, he was not forthcoming with information the wife requested, and the wife incurred counsel fees as a result of the husband's conduct).

The trial court addressed Wife's challenge to the award of counsel fees to Husband as follows:

> Part of the Master's Report and Recommendation included a $2,500 counsel fee award for Husband to be paid by Wife. The Master found, "Husband's request for counsel fees stems from his contention that Wife has caused him unnecessary counsel fees throughout the litigation. Husband's contention is not without merit." The Master went on to list the ways in which Wife caused Husband to incur unnecessary counsel fees. Wife filed multiple Exceptions related to the counsel fees Husband requested and the grounds upon which they were awarded.
>
> Wife first argued that the Master erred as a matter of law when he decided that Wife should pay $2,500 in counsel fees to Husband by *sua sponte* awarding counsel fees without an underlying motion for sanctions or a showing of need. Under 42 Pa.C.S.A. §2503, the following party may be awarded counsel fees, "(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." Husband's Petition Raising Claims filed February 10, 2016, included a claim for counsel fees. Specifically, Husband's Petition stated:
>
> > COUNT III — COUNSEL FEES, COSTS AND EXPENSES
> >
> > 3. [Husband] has employed the Law Firm of VOELKER & COLTON, LLC and has been put to considerable expense in the preparation of this case because of [Wife's] conduct, in the employment of counsel for work which should not have been otherwise necessary, appraisers and/or valuators and the payment of legal fees, costs and expenses related to this case.

4. Plaintiff believes [Wife] should pay the above-mentioned legal feels, costs and expenses related to this action.

Given Husband's request for counsel fees, the Master did not award counsel fees *sua sponte*.

Wife also argued that the Master erred as a matter of law by awarding counsel fees based on the finding that Wife surreptitiously moved from the marital residence and that Wife had been uncooperative with the sale of the property. The Master based the counsel fee award on the finding that:

Husband's counsel has had to write numerous letters to Wife's counsel concerning Wife's failure to pay expenses associated with the [marital] residence, including the real estate taxes, this coming after Wife's counsel initially acknowledged Wife's obligation to pay these expenses. Wife's actions surrounding the marital residence have also caused Husband unnecessary counsel fees, such as her failing to inform Husband she vacated the marital residence and decided to no longer pay the mortgage associated with it. Wife's continuous wavering with respect to selling the residence has also caused Husband's attorney to do additional work and Husband incurring additional fees.

The parties separated July 1, 2013. Hearing transcript, p. 5. Husband testified that aside from the first few months following separation, he paid support to Wife, who then paid the mortgage on the marital residence. Hearing transcript, p. 35. Husband testified that this arrangement continued for nearly two and-a-half years. Hearing transcript, p. 36. Husband made no mortgage payments, utility payments, real estate tax payments or homeowners insurance payments during this time. Id. Then, Husband stated that in early 2016, he began receiving phone calls that mortgage payments were not being made, utility bills were being sent to Husband unpaid with penalties, and taxes for 2014, 2015 and 2016 were owed, totaling over $11,000. Hearing transcript, p. 36-37. Husband assumed payments for the expenses fearing foreclosure. Hearing transcript, p. 45. Wife testified that she stopped paying the mortgage because she "ran out of money." Hearing transcript, p. 173. Wife left the

marital residence, "Because I wanted out of the house. I never wanted that house any way. My husband picked that house." Hearing transcript, p. 173.

In regards to the sale of the residence, Husband testified that there was an offer of $212,500 that he accepted, but Wife declined. Hearing transcript, p. 48. This was the only offer submitted to the parties. Hearing transcript, p. 48. Wife responded that she turned down the offer because, "I think its worth a lot more." Hearing transcript, p. 204. Husband testified that he initially agreed to Wife's request to have the home auctioned. Hearing transcript, p. 49. Husband signed the appropriate paperwork for the auction to occur, but "Wife backed out." Hearing transcript, p. 49. Wife then testified that she backed out of the auction process because she did not realize she had to pay a 10% commission. Hearing transcript, p. 205. Wife acknowledged that six weeks passed before Husband was informed that the auction process had been permanently halted. Hearing transcript, p. 205.

"A master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." **Childress v. Bogosian**, 12 A.3d 448, 455-456 (Pa. Super. Ct. 2011). With regards to witness credibility, "It is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence." Id. The Master had the opportunity to assess the witness's credibility and make a recommendation based thereon. The record supports the Master's findings and Recommendation regarding an award for Husband's counsel fees based on Wife's conduct surrounding the marital residence.

Trial Court Opinion, 5/12/17, at 9-11.

Upon review of the certified record, we agree with the trial court that Husband, in his petition raising claims, properly requested counsel fees pursuant to 42 Pa.C.S. § 2503(7). Husband's Petition Raising Claims, 2/10/16, at unnumbered 1-2. Accordingly, we discern no abuse of discretion

by the trial court in awarding the counsel fees to Husband, which were incurred due to Wife's conduct pertaining to the marital residence.

Order affirmed in part and reversed in part. Case remanded for further calculations of income for purposes of modification of alimony *pendente lite*. Husband's motion to dismiss Wife's abandoned issues is granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2018