J-S45028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LENWARD MCMILLAN, SR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROSA L. MCMILLAN | : | No. 556 MDA 2018 |

Appeal from the Decree Entered March 20, 2018
In the Court of Common Pleas of York County
Civil Division at No(s):  2013-FC-001003-02

| | | |
|---|---|---|
| LENWARD MCMILLAN, SR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROSA L. MCMILLAN | : | No. 557 MDA 2018 |

Appeal from the Order Entered December 22, 2017
In the Court of Common Pleas of York County
Civil Division at No(s):  2013-FC-001003-15

BEFORE:   PANELLA, J., OTT, J., and PLATT*, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 02, 2018**

Lenward McMillan, Sr., ("Husband") appeals from the decree entered March 20, 2018, in the Court of Common Pleas of York County at Docket No. 2013-FC-001003-02 that divorced him and Rosa L. McMillan ("Wife") from the bonds of matrimony.  Husband also appeals from an earlier order entered on December 22, 2017, in the same court at Docket No. 2013-FC-001003-15, which was finalized by the divorce decree and granted Wife's exceptions to

_____

*   Retired Senior Judge assigned to the Superior Court.

the Master's report and awarded alimony to her, in the amount of $200.00 per month.[1]  Husband now challenges the alimony award.  We affirm.

Husband was born in 1946 and suffers from renal disease requiring dialysis.  ***See*** Exs. D-1, D-4; Trial Court Opinion, 12/22/2017, at 2-3, 5.  He receives a monthly Social Security benefit of $2,120.00 and a monthly pension payment of $920.00.

Wife was born in 1943 and "is in fair health but suffers from diabetes, takes blood pressure and cholesterol medicine, has her kidneys checked, and sees a neurologist every two to three months, the eye doctor every three months, and the 'foot doctor' for problems with her feet." ***Id.*** at 2.  Her only source of income is her monthly Social Security benefit of $782.00; she has no pension and a tenth grade education.  ***See*** Ex. D-5; Trial Court Opinion, 12/22/2017, at 3.

The parties married in 1991 and separated in February 2013.  ***Id.*** at 2.  Husband filed a complaint in divorce in June 2013.  Wife subsequently filed a petition for alimony *pedente lite* ("APL"), which the trial court awarded in the amount of $839.00 per month.  ***Id.*** at 3.  The trial court appointed a divorce

_____

[1]  Husband originally filed notices of appeal from both the December 22, 2017, distribution order that disposed of the parties' property and the March 20, 2018, divorce decree.  "Orders of property distribution are not appealable until entry of a final divorce Decree[.]" ***Schenk v. Schenk***, 880 A.2d 633, 638 (Pa. Super. 2005).  Here, the December 22, 2017, order did not become final – and, consequently, ripe for our review -- until the final divorce decree was entered on March 20, 2018.  ***See*** Pa.R.A.P. 341(a).

master ("the Master") to hear the parties' economic issues. *Id.* at 2. The Master recommended Wife receive the entirety of the marital portion of Husband's pension, $312.00 per month, and no alimony. *Id.* at 4.[2] On August 15, 2017, Wife filed exceptions to the Master's report. *Id.* On December 22, 2017, the trial court granted Wife's exceptions and awarded alimony to her, in the amount of $200.00 per month, in addition to receiving the $312.00 per month from Husband's pension. On March 20, 2018, the trial court entered the final divorce decree.

On March 29, 2018, Husband filed two notices of appeal,[3] both stating that they were "from the Divorce Decree entered in this matter on March 20, 2018, and more specifically to the Order entered on December 22, 2017, docketed same date." Notices of Appeal, 3/29/2018. As it was unclear whether the two appeals were duplicative, on May 14, 2018, this Court directed Husband to show cause why one of the appeals should not be dismissed. On May 23, 2018, Husband filed an application for consolidation. On June 5, 2018, this Court granted the application.

---

[2] The parties stipulated the marital portion of the pension was the only marital asset. *See* N.T., 7/7/2017, at 50.

[3] Husband simultaneously filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 18, 2018, the trial court entered a statement that its opinion attached to the property distribution order of December 22, 2017, would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

Husband raises the following issues on appeal:

> I.      Whether the trial court erred as a matter of law and/or abused its discretion in awarding Wife alimony and contrary to the factors set forth in [§] 3701(b) of the Divorce Code[4], as amended, particularly as the trial court awarded Wife 100% of the parties' net marital estate and failed to consider Husband's ability to pay alimony?
>
> II.     Whether the trial court's award of alimony is contrary to the Divorce Code's fundamental policy to effectuate economic justice between the parties as set forth in § 3102(a)(6)[5] of the Divorce Code, as amended?

Husband's Brief at 4.

> With respect to both issues, we are guided by the following:
>
> Awards of alimony . . . are within the sound discretion of the trial court and will not be disturbed absent an error of law or abuse of discretion.
>
> An award of alimony should be made to either party only if the trial court finds that it is necessary to provide the receiving spouse with sufficient income to obtain the necessities of life.  The purpose of alimony is not to reward one party and punish the other, but rather to ensure that the reasonable needs of the person who is unable to support herself through appropriate employment are met.
>
> Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay.

**Cook v. Cook**, 186 A.3d 1015, 1019-1020 (Pa. Super. 2018) (internal citations and quotation marks omitted).

---

[4]  The Divorce Code is codified at 23 Pa.C.S. §§ 3101-3904.  **See below** for the full text of 23 Pa.C.S. § 3701(b).

[5]  **See below** for the full text of 23 Pa.C.S. § 3012(a)(6).

An award of alimony is determined pursuant to the statutory factors set forth in 23 Pa.C.S. § 3701(b):

In determining whether alimony is necessary and in determining the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors, including:

(1) The relative earnings and earning capacities of the parties.

(2) The ages and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to

alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

*Id.* "In determining whether alimony is necessary and to establish the appropriate nature, amount, and duration of any alimony payments, the court is required to consider **all** relevant factors, including the 17 factors that are expressly mandated by statute." *Cook*, 186 A.3d at 1020 (emphasis in original) (citation and internal quotation marks omitted).

Additionally, "[o]ne of the overarching purposes of the Divorce Code is to work economic justice between the parties." *Dean v. Dean*, 98 A.3d 637, 642 (Pa. Super. 2014). According to 23 Pa.C.S. § 3012(a)(6):

The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is the policy of the Commonwealth to . . . [e]ffectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights.

*Id.*

Here, Husband contends the alimony award was contrary to the factors set forth in 23 Pa.C.S. § 3701(b), particularly as Wife is also receiving a

portion of his pension. **See** Husband's Brief at 12. Husband states "[t]he factors within Section 3701(b) relevant to the instant matter are subsections (1) relative earnings of the parties, (2) the ages and physical condition of the parties, (3) sources of income, (10) the relative assets and liabilities of the parties, and (14) the relative needs of the parties." **Id.** at 13-14.[6] However, Husband does not specify what facts or parts of his analysis apply to which statutory factor. **See id.** at 12-18. Nevertheless, we discern from his statement that, at the time of the Master's hearing, he was seventy years old and his "health is poor[,]" **id.** at 14, which would align with factor (2), "[t]he ages and the physical, mental and emotional conditions of the parties." His remaining argument, that the trial court "failed to consider [his] ability to pay alimony[,]" **id.** at 12, would align with his remaining listed factors. **See also Cook**, 186 A.3d at 1020.

While Husband emphasizes his own age and health issues,[7] factor (2) states that the trial court must consider "[t]he ages and the physical, mental and emotional conditions of the **parties**." 23 Pa.C.S. § 3701(b)(2) (emphasis added). Nowhere in his brief does Husband acknowledge Wife's age and physical condition or recognize that the trial court must consider her needs as well. As the trial court explains, Wife is three years older than Husband, has

---

[6] Husband concedes that "the parties had a relatively long-term marriage, of twenty-two (22) years." Husband's Brief at 14. This fact applies to factor (5), "[t]he duration of the marriage." 23 Pa.C.S. § 3701(b).

[7] **See** Husband's Brief at 14.

diabetes and problems with her feet, needs blood pressure and cholesterol medicine, and has regular appointments with a nephrologist, a neurologist, and an eye doctor. *See* Trial Court Opinion, 12/22/2017, at 2. In determining the need for and amount of alimony, the trial court was required by the statutory factors to consider Wife's age and physical condition in addition to Husband's medical concerns. *See* 23 Pa.C.S. § 3701(b)(2).

As for Husband's claim that the trial court failed to consider his ability to pay alimony, we conclude this challenge merits no relief, and the trial court's opinion comprehensively discusses and properly disposes of this claim,

> Both Husband and Wife acknowledge that the Divorce Master erred in calculating Husband's income. On Page 12 of the Master's Report and Recommendation, the [M]aster indicated that Husband's income, prior to paying any APL or alimony, is $2,006 per month. The Master arrived at this number by adding $1,086, which is Husband's net Social Security income after payment of APL to Wife, and $920, which is Husband's gross monthly pension benefit. In actuality, in considering the parties' incomes after divorce, the Master should have added the $839.00 per month deduction for APL back into Husband's income since the APL payment will terminate once the divorce becomes final. Thus, Husband concedes that the Divorce Master erred in calculating his monthly gross income; however, he argues that, despite the miscalculation, his regular recurring expenses would still equal or exceed his monthly income once corrected. Husband specifically argues that the Divorce Master incorrectly identified his monthly out-of-pocket expenses for dialysis as $800.00 per month when it is actually $875.00 per month.
>
> Wife argues that, upon correcting Husband's income, Husband would receive a monthly income of $2,929.00 per month which exceeds his monthly expenses of $2,717.00 per month. Even when the $312.00 per month that the Master awarded to Wife is subtracted from Husband's income, his monthly income would still be $2,617.00, which is approximately equal to his monthly expenses and would exceed his monthly expenses if the [c]able

TV and newspaper subscriptions, which the Master admits are arguably unessential, are removed from Husband's expenses.

On the other hand, based on the Master's decision, Wife's sole sources of income pursuant to the Master's decision would be her net monthly Social Security benefit in the amount of $676.00 per month and the monthly pension benefit she was awarded by the Master in the amount of $312.00 per month, for a total of $988.54 [sic] per month. This is well short of Wife's monthly expenses as calculated by the Master of $1,362.00 per month. Consequently, because the Master failed to add the monthly APL payment back into Husband's income, the Master reached a decision which results in Husband's necessary monthly expenses being met, but leaves Wife well short of sufficient income to meet her necessary monthly expenses.

****

The Master's rationale in failing to award Wife post-divorce alimony is that Husband has no ability to pay alimony in light of the significant shortfall in terms of Husband's income when compared to his expenses, citing the **_Teodorski_**[8] case (Master's Report and Recommendation Page 13). However, the Master's reasoning is based on her incorrect calculation of Husband's income and expenses.

Husband contends that Wife's second exception is without merit upon consideration of the income/expense rationale. Husband argues that neither party can meet his/her recurring expenses and are both deficient on a monthly basis. Husband's income totals approximately $2,617.00 after subtracting out Wife's $312.00 share of Husband's pension. Husband's expenses total approximately $2,669.00 after adding in an additional $75.00 per month for his dialysis treatment but subtracting out $123.00 per month for the non-essential expenses of cable television, newspapers, and magazine subscriptions. Husband's net shortfall each month is therefore about $52.00. Wife, on the other hand, has an approximate $374.00 per month shortfall in terms of her net monthly income and her net monthly expenses, and this deficit includes necessities such as rent, utilities, and groceries.

---

[8] **_Teodorski v. Teodorski_**, 857 A.2d 194 (Pa.Super. 2004).

> When Husband's income and expenses are corrected, the Court finds that both Husband and Wife have financial shortfalls but Wife's shortfall is more than seven (7) times greater than Husband's shortfall. As a result, the Court finds that requiring Husband to pay two hundred and 00/100 dollars ($200.00) per month to Wife in alimony payments is fair and equitable and necessary for Wife to obtain the necessities of life.

Trial Court Opinion, 12/22/2017, at 5-8.

We only add that the trial court must consider both parties, including "[t]he relative earnings and earning capacities of the **parties**" and "[t]he sources of income of **both parties**, including, but not limited to, medical, retirement, insurance or other benefits." 23 Pa.C.S. § 3701(b)(1), (3) (emphasis added). While Husband receives both a monthly Social Security benefit and a pension payment, Wife only receives a significantly smaller monthly Social Security benefit and no pension. **See** Trial Court Opinion, 12/22/2017, at 3.

Furthermore, the trial court must concern itself with "**all** relevant factors, including the 17 factors that are expressly mandated by statute," **Cook**, 186 A.3d at 1020, not just those that Husband has chosen to highlight in his brief. Husband's Brief at 13-14. Factor (5) is "[t]he duration of the marriage," 23 Pa.C.S. § 3701(b)(5), which, in this case, was lengthy – twenty-two years between marriage and separation. Trial Court Opinion, 12/22/2017, at 2. Factor (9) is the "[t]he relative education of the parties." 23 Pa.C.S. § 3701(b)(9). Wife only has a tenth grade education and, at her advanced age, is unlikely to acquire more education. Trial Court Opinion, 12/22/2017,

at 2-3. These additional factors also weigh in Wife's favor when determining whether an award of alimony is necessary. **See** 23 Pa.C.S. § 3701(b).

Accordingly, based upon the parties' ages, health, earnings and sources of income, education, and respective negative net incomes and upon the length of the marriage, we conclude the trial court did not abuse its discretion by ordering an award of $200.00 per month in alimony from Husband to Wife, thereby achieving economic justice between the parties. **See** 23 Pa.C.S. §§ 3701(b)(1)-(3), (5), (9) & 3012(a)(6); **Cook**, 186 A.3d at 1019; **Dean**, 98 A.3d at 642. We agree with the trial court's assessment that "requiring Husband to pay two hundred and 00/100 dollars ($200.00) per month to Wife in alimony payments is fair and equitable and necessary for Wife to obtain the necessities of life." Trial Court Opinion, 12/22/2017, at 8.

Accordingly, we affirm the December 22, 2017, order and the March 20, 2018, divorce decree. The parties are instructed to attach a copy of the trial court's opinion of December 22, 2017, and of the trial court's statement of April 18, 2018, to any future filing that references this Court's decision.

December 22, 2017 order and March 20, 2018 divorce decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/02/2018

- 11 -

Circulated 09/13/2018 04:48 PM

RECEIVED
YORK COUNTY PROTHONOTARY

2017 DEC 22 PM 3: 05

JUDICIAL CENTER YORK PA

## IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ROSA L. MCMILLAN, | : | No. 2013-FC-001003-15 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LENWARD MCMILLAN, | : | Action in Divorce |
| Defendant | : | |

APPEARANCES:

For Plaintiff: Patrick J. Schaeffer, Esquire
For Defendant: Leslie S. Arzt, Esquire

### OPINION GRANTING PLAINTIFF'S EXCEPTIONS TO MASTER'S REPORT AND RECOMMENDATION

This matter is before the Court on the Plaintiff's Exceptions to the Report and Recommendation of the Divorce Master issued on July 24, 2017. For the reasons stated below, we **GRANT** Plaintiff's Exceptions to the Divorce Master's Report and Recommendations.

### Factual and Procedural Background

The Plaintiff is Rosa L. McMillan (hereinafter "Wife") and the Defendant is Lenward McMillan (hereinafter "Husband"). Husband filed a Complaint in Divorce on June 6, 2013. Husband filed his 3301(d) Affidavit on January 5, 2017 and then Wife filed her 3301(d) Counter-Affidavit thus establishing grounds for divorce on January 25, 2017.

I

Sharla Robinson Coughlin, Esq., was appointed Divorce Master on February 9, 2017 to hear the economic issues of equitable distribution, alimony, counsel fees, costs and expenses. A preliminary conference was held on March 16, 2017 and Settlement Conference was held on May 2, 2017. A Hearing was then held on July 7, 2017 after the parties were unable to reach a settlement. The parties entered certain stipulations of fact which were presented to the Master at the hearing but did not resolve the economic issues in the case, namely, equitable distribution of Husband's pension, if any, and a potential alimony award for Wife.

The Master's Report and Recommendation includes the following findings of fact. The Husband was born in 1946, was seventy (70) years old at the time of the hearing, in poor health, and resides in a rental property in York, Pennsylvania. The Wife was born in 1943, was seventy-four (74) years old at the time of the hearing, and resides in a rental property in York, Pennsylvania. Husband suffers from stage 5 (end-stage) renal disease, high blood pressure, high cholesterol, diabetes, varicose veins, sleep apnea, diverticulosis, blood clots and glaucoma. As such, Husband has many regular out-of-pocket daily, weekly and monthly medical expenses. Wife is in fair health but suffers from diabetes, takes blood pressure and cholesterol medicine, has her kidneys checked, and sees a neurologist every two to three months, the eye doctor every three months, and the "foot doctor" for problems with her feet.

The parties were married on February 4, 1991 and separated on February 13, 2013. The marriage between Husband and Wife was Wife's third marriage and

2

Husband's second marriage. Wife does not receive any income from her prior spouses but should Husband predecease her, she would receive his net Social Security payment in full. Husband and Wife do not have any children from the marriage.

Husband has a GED. He worked at Johnson Controls for thirty (30) years and receives a Pension of $920.00 per month from Johnson Controls. (Exhibit D-1). The marital portion of the pension, which the parties stipulated is the only marital asset, is $312.00 per month (N.T. Page 50, Line 12). Husband receives a monthly Social Security payment in the gross amount of $2,120.00 per month with $111.00 per month deducted for his Medicare Part B premium. (Exhibit D-4). $839.00 per month is currently deducted from Husband's Social Security for Wife's monthly APL payment by Order dated July 2, 2013. (Exhibits D-3 and D-4, N.T. Page 21, Lines 11-20, Page 29 Lines 17-22).

Wife has a 10th grade education level. She has done elder care in the past and worked for Graham Engineering prior to the marriage but she receives no pension income from these positions. Wife has very limited income. Other than the APL in the amount of $839.00 per month, Wife's only source of income is her Social Security benefit in the gross amount of $782.00 per month with $106.00 per month deducted for her Medicare Part B Premium. (Exhibit D-5).

After consideration of the eleven (11) factors required by Section 3502(a) of the Divorce Code, the Master made a recommendation with respect to equitable distribution. Again, the only marital asset subject to distribution in this case is the marital component

3

of Husband's Johnson Controls pension which is $312.00 per month. The Master recommended that Wife receive 100% of the marital portion of Husband's pension.

The Master also considered the seventeen (17) factors required by Section 3701(b) of the Divorce Code prior to making a recommendation with regard to alimony. The Master did not recommend an award of alimony in this case because Husband does not have the ability to pay alimony given the deterioration of his health and his own current living expenses. Both Husband and Wife are financially in the red on a monthly basis and neither is capable of supporting him/herself in a manner that is relatively consistent with even the marital standard of living, which was "working class." Although the Master noted that Wife lacks sufficient property to provide for her reasonable needs and is incapable of self-support through appropriate employment, the Master noted that Husband lacks sufficient property as well and is simply unable to provide any support.

After the issuance of the Report and Recommendation, Wife filed her Exceptions on August 15, 2017. Wife filed a Brief in support of the Exceptions on August 29, 2017, and Husband filed a Brief in opposition to the Exceptions on September 13, 2017. Wife filed a Praecipe to List Case for One-Judge Disposition on October 4, 2017, and the matter was submitted to the undersigned on October 4, 2017.

**Plaintiff's Exceptions to the Master's Report and Recommendation**

1. *The Divorce Master erred in calculating Husband's income and expenses on Page 12 of the Report and Recommendation because she failed to add the APL payment to Wife of $839.00 per month, which will terminate upon the finalization of the divorce, back into Husband's income, and she inaccurately identified Husband's*

4

*monthly out-of-pocket expenses for dialysis as being $800.00 per month instead of $875.00 per month.*

Both Husband and Wife acknowledge that the Divorce Master erred in calculating Husband's income. On Page 12 of the Master's Report and Recommendation, the master indicated that Husband's income, prior to paying any APL or alimony, is $2,006 per month. The Master arrived at this number by adding $1,086, which is Husband's net Social Security income after payment of APL to Wife, and $920, which is Husband's gross monthly pension benefit. In actuality, in considering the parties' incomes after divorce, the Master should have added the $839.00 per month deduction for APL back into Husband's income since the APL payment will terminate once the divorce becomes final. Thus, Husband concedes that the Divorce Master erred in calculating his monthly gross income; however, he argues that, despite the miscalculation, his regular recurring expenses would still equal or exceed his monthly income once corrected. Husband specifically argues that the Divorce Master incorrectly identified his monthly out-of-pocket expenses for dialysis as $800.00 per month when it is actually $875.00 per month.

Wife argues that, upon correcting Husband's income, Husband would receive a monthly income of $2,929.00 per month which exceeds his monthly expenses of $2,717.00 per month. Even when the $312.00 per month that the Master awarded to Wife is subtracted from Husband's income, his monthly income would still be $2,617.00, which is approximately equal to his monthly expenses and would exceed his monthly

5

expenses if the Cable TV and newspaper subscriptions, which the Master admits are arguably unessential, are removed from Husband's expenses.

On the other hand, based on the Master's decision, Wife's sole sources of income pursuant to the Master's decision would be her net monthly Social Security benefit in the amount of $676.00 per month and the monthly pension benefit she was awarded by the Master in the amount of $312.00 per month, for a total of $988.54 per month. This is well short of Wife's monthly expenses as calculated by the Master of $1,362.00 per month. Consequently, because the Master failed to add the monthly APL payment back into Husband's income, the Master reached a decision which results in Husband's necessary monthly expenses being met, but leaves Wife well short of sufficient income to meet her necessary monthly expenses.

## 2. *The Divorce Master erred in failing to award Wife alimony because Husband would have the ability to pay alimony when the error in calculating his post-divorce income referenced in Exception 1 is corrected.*

Alimony is "available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill." *Moran v. Moran*, 839 A.2d 1091, 1097. As stated by the Pennsylvania Superior Court, "the purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment are met. Alimony is based upon reasonable needs in accordance with lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to

6

pay." *Teodorski v. Teodorski,* 857 A.2d 194, 200 (Pa.Super.2004) (citations omitted). An award of alimony should be made to either party only if the trial court finds that it is necessary to provide the receiving spouse with sufficient income to obtain the necessities of life. *Stamerro v. Stamerro,* 889 A.2d 1251, 1259 (Pa.Super.2005). Furthermore, alimony in general is to be awarded for a sufficient period of time to enable the party receiving it to become self-supporting. *Pacella v. Pacella,* 492 A.2d 707, 713 (Pa. Super. 1985). Section 3701(b) of the Divorce Code sets forth seventeen (17) factors that must be considered in making a recommendation for alimony.

The Master's rationale in failing to award Wife post-divorce alimony is that Husband has no ability to pay alimony in light of the significant shortfall in terms of Husband's income when compared to his expenses, citing the *Teodorski* case (Master's Report and Recommendation Page 13). However, the Master's reasoning is based on her incorrect calculation of Husband's income and expenses.

Husband contends that Wife's second exception is without merit upon consideration of the income/expense rationale. Husband argues that neither party can meet his/her recurring expenses and are both deficient on a monthly basis. Husband's income totals approximately $2,617.00 after subtracting out Wife's $312.00 share of Husband's pension. Husband's expenses total approximately $2,669.00 after adding in an additional $75.00 per month for his dialysis treatment but subtracting out $123.00 per month for the non-essential expenses of cable television, newspapers, and magazine subscriptions. Husband's net shortfall each month is therefore about $52.00. Wife, on

7

the other hand, has an approximate $374.00 per month shortfall in terms of her net monthly income and her net monthly expenses, and this deficit includes necessities such as rent, utilities, and groceries.

When Husband's income and expenses are corrected, the Court finds that both Husband and Wife have financial shortfalls but Wife's shortfall is more than seven (7) times greater than Husband's shortfall. As a result, the Court finds that requiring Husband to pay two hundred and 00/100 dollars ($200.00) per month to Wife in alimony payments is fair and equitable and necessary for Wife to obtain the necessities of life.

## Conclusion

Based upon the foregoing, the Court issues the Order that accompanies this Opinion **GRANTING** Wife's Exceptions. The Court orders Husband to pay Wife alimony payments in the amount of two hundred and 00/100 dollars ($200.00) per month.

BY THE COURT:

TODD R. PLATTS, JUDGE

8

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

LENWARD MCMILLAN, SR.,
*Plaintiff*

v.

ROSA L. MCMILLAN,
*Defendant*

No.  2013-FC-001003-02
2013-FC-001003-15

Action in Divorce

APPEARANCES:

For Plaintiff:    Leslie S. Arzt, Esquire
For Defendant:    Patrick J. Schaeffer, Esquire

## STATEMENT OF LOWER COURT PURSUANT TO RULE 1925(a)(2)(ii) OF THE PENNSYLVANIA RULES OF APPELLATE PROCEDURE

AND NOW, this 17th day of April, 2018, this Court is in receipt of notice that an appeal has been filed in the above matter. The undersigned states that the basis for the Order subject to appeal can be found in the Opinion filed regarding said matter. This Court cannot offer anything more direct or clear than the statements therein which the Court feels appropriately explain its reasoning.

This Court notes that the Order and Opinion subject to appeal in this matter mistakenly reversed the Plaintiff's and Defendant's names in the captions and the Order and Opinion titles. Lenward McMillan, Sr. is the Plaintiff, and Rosa L. McMillan is the Defendant in the underlying matter. The Order should read "Order Granting Defendant's Exceptions to Master's Report and Recommendation." The Opinion should read, "Opinion Granting Defendant's Exceptions to Master's Report and Recommendation."

BY THE COURT,

TODD R. PLATTS, JUDGE