J-A21030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID F. CAPPONI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LISA ANN CAPPONI | : | No. 3547 EDA 2017 |

Appeal from the Decree Dated September 7, 2017
In the Court of Common Pleas of Montgomery County
Domestic Relations at No(s): 2010-14646

BEFORE: PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: **FILED OCTOBER 24, 2018**

David F. Capponi ("Husband") appeals *pro se* from the decree entered on September 7, 2017. We modify the decree.

On September 2, 1995, Husband married Lisa Ann Capponi ("Wife"). On December 7, 2001, Wife was attacked by the parties' dog. They filed suit against the kennel that sold the dog and settled for a net amount of $473,112.13.

On June 4, 2010, Husband filed a complaint in divorce which included a request for equitable distribution of the parties' marital property. Prior to any hearing on the equitable distribution of the parties' property, Husband and Wife each received $10,000.00 when Wife's name was removed from the deed of the marital residence and Husband refinanced the property in his name. On May 13, 2016, a master conducted a hearing on the equitable distribution

issues. On May 20, 2016, he issued his report and recommendation. Wife filed exceptions to the report and recommendation.

Thereafter, a dispute arose regarding the date of the parties' separation. After a hearing on the issue, the trial court found that the parties separated in Spring 2004. On August 7, 2017, the trial court held another hearing regarding the equitable distribution issues. On September 7, 2017, the trial court issued a decree dissolving the matrimonial bond between the parties and equitably distributing the marital property. Husband's timely appeal followed.[1]

Husband presents one issue for our review:

Whether the [trial] court abused its discretion and deviated from the statute in the analyzation and distribution of marital assets when erroneous valuations were used and [] Wife misrepresented the facts?

Husband's Brief at 5 (complete capitalization removed).

In his lone issue, Husband argues that the trial court erred in equitably distributing the marital property. We review a trial court's equitable distribution of property for an abuse of discretion. *Cook v. Cook*, 186 A.3d 1015, 1019 (Pa. Super. 2018) (citation omitted). Husband argues that the trial court erred: (1) by awarding Wife 50% of the marital residence; (2) by

_____

[1] On October 29, 2017, the trial court ordered Husband to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On November 7, 2017, Husband filed his concise statement. On February 9, 2018, the trial court issued its Rule 1925(a) opinion.

finding that the entire current value of his retirement account was marital property; and (3) by failing to reduce Wife's award because she spent the entirety of the settlement to fuel her drug addiction. We address these three claims seriatim.

First, Husband argues that the trial court erred in awarding Wife 50% of the marital residence. He contends that, while this divorce action was pending, Wife relinquished any claim to the marital residence by accepting a $10,000.00 payment in exchange for her share of the marital residence. This argument, however, is a mischaracterization of the agreement the parties reached in 2015.

The evidence indicates that Wife did not agree to relinquish all claims related to the marital home in exchange for $10,000.00. An affidavit executed by the parties at the time of the payment and refinancing, states that Wife received the $10,000.00 "payment [a]s **a portion of** [the m]arital [d]istribution." Exhibit H-1 at 1 (emphasis added). Another document signed by the parties at the time of the refinancing provided that they "agree[d] that the remaining equity of the home [would] be addressed at an [e]quitable [d]istribution [h]earing." Exhibit W-1 at 1. Wife and Husband agreed to receive $10,000.00 each at the time of the refinancing while not forgoing any rights related to the remaining equity in the marital property. Hence, contrary to Husband's argument, the trial court correctly declined to construe the

parties' agreement as having extinguished Wife's right to equitable distribution of the equity in the marital residence.

Alternatively, Husband argues that the trial court erred in awarding Wife 50% of the marital residence because she did not contribute to its upkeep during the course of the marriage. This argument fails because the record supports the trial court's factual finding that Wife contributed to the upkeep of the marital residence. *See* Exhibit W-2 at 1 (check evidencing a mortgage payment made by Wife); N.T., 8/7/17, at 112-113, 138-139, 178-179 (Wife testifying that she helped pay the mortgage and utilities and bought household furnishings). Accordingly, we conclude that the trial court did not abuse its discretion in awarding Wife 50% of the marital residence.

Next, Husband argues that the trial court erred in finding the entire current value of his retirement account, $78,891.47, was a marital asset. According to Husband, only $41,805.27, the value of the retirement account at the time of separation, was a marital asset. He contends that the remaining $37,086.20 was a personal asset not subject to equitable distribution. We conclude that all but $3,200.00 in Husband's retirement account was a marital asset.

The Divorce Code provides that, except in circumstances not present in the case *sub judice*, "[p]roperty acquired after final separation until the date of divorce" is not marital property. 23 Pa.C.S.A. § 3501(a)(4). As this Court has explained, because an annuity is

deferred compensation, the portion of the retirement reserve attributable to the duration of the marriage is marital property. While increases due to interest or returns on investment in the value of the amount contributed during the marriage are marital property, contributions by the employee or employer after the date of separation are not marital property.

***Schneeman v. Schneeman***, 615 A.2d 1369, 1376 (Pa. Super. 1992) (internal citation omitted; emphasis removed). Husband bore the burden of proving that a portion of his annuity was a personal asset. ***See Drake v. Drake***, 725 A.2d 717, 723 (Pa. 1999).

Husband testified that he never contributed to the annuity, either before or after the parties separated. The entire value of the annuity was his employer's contributions and appreciation of those contributions. Husband conceded at the equitable distribution hearing that the $41,805.27 had appreciated after the parties separated. ***See*** N.T., 8/7/17, at 61. The trial court attempted to explain why, given this answer, deducting $41,805.27 from $78,891.47 to determine the amount contributed by Husband's employer after the date of separation was inappropriate. ***See id.*** The trial court also attempted to explain why documentary evidence was necessary because of Husband's testimony. ***See id.***

Husband, however, only presented evidence that his employer contributed $3,200.00 to the annuity after the date of separation.[2] He therefore failed to carry his burden of proving that the remaining increase in

_____

[2] The statement Husband provided for the annuity's value on September 30, 2015 stated that his employer contributed $3,200.00 "[y]ear to [d]ate." Answer to Request for Production of Documents, 4/4/16, at 321.

the value of the annuity after the parties separated was non-marital property. Accordingly, the trial court erred in finding that the entire value of the annuity was marital property. In the interest of judicial economy, and because the trial court unambiguously stated it was dividing the marital estate, and the annuity, 50/50, we modify the first sentence of the third paragraph on page eight of the decree to read "Plaintiff-Husband's Local 542 annuity (at its current value minus $3,200.00) shall be divided 50/50 between the parties." *Cf.* 42 Pa.C.S.A. § 706 ("An appellate court may affirm, modify, vacate, set aside[,] or reverse any order brought before it for review[.]").[3]

Finally, Husband argues that the trial court erred in not reducing the amount of marital property awarded to Wife because of wasted money on her drug addiction. This argument is waived. Generally, issues not included in a concise statement are waived. *Commonwealth v. Golson*, 189 A.3d 994, 1000 (Pa. Super. 2018), *citing* Pa.R.A.P. 1925(b)(4)(vii). In his concise statement, Husband argued only that the trial court erred in awarding Wife 50% of the marital residence because she used the injury settlement funds on drugs instead of on upkeep of the marital residence. *See* Concise Statement, 11/7/17, at 2. We have rejected that argument for the reasons set forth above. Husband did not separately argue that Wife's use of settlement funds to finance her drug addiction supported a separate and

---

[3] Any appreciation of the annuity attributable to the $3,200.00 would also be non-marital property; however, Husband provided no evidence showing the amount of appreciation attributable to the $3,200.00 contributed by his employer after the parties separated.

independent reason to reduce her share of the equitable distribution. ***See id.*** at 1-2. Hence, Husband waived his argument that the trial court erred in not reducing the amount of marital property awarded to Wife because of her alleged expenditure of money on her drug addiction.

Decree modified. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/18