J-S55003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.M.S.-M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.L.M., III | : | No. 620 EDA 2018 |

Appeal from the Order January 23, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. OC1200429

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY OLSON, J.:         **FILED NOVEMBER 08, 2018**

Appellant, J.M.S.-M ("Mother") appeals from the January 23, 2018 order transferring this action from the Court of Common Pleas of Philadelphia County to the Court of Common Pleas of Delaware County.  We affirm.

Prior to addressing the issues Mother raises on appeal, we must first determine whether she has preserved those issues for our review.  *See Cook v. Cook*, 186 A.3d 1015, 1026-1027 (Pa. Super. 2018).  "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty."  *Ignelzi v. Ogg, Cordes, Murphy & Ignelzi, LLP*, 160 A.3d 805, 808 (Pa. Super. 2017), *appeal denied*, 174 A.3d 1030 (Pa. 2017) (citation omitted).  The failure of an appellant to comply with Pennsylvania Rule of Appellate Procedure 1921 by

ensuring all necessary documents are included in the certified record results in the appellant waiving his or her challenges to the trial court's order. **Kessler v. Broder**, 851 A.2d 944, 950 (Pa. Super. 2004), *appeal denied*, 868 A.2d 1201 (Pa. 2005) (citation omitted).

The certified record is devoid of any factual details regarding this case. There is no complaint seeking custody. There is no custody order. The first document that appears in the certified record is a petition to transfer jurisdiction. However, without the custody complaint and custody order, it is impossible to determine what jurisdiction Mother sought to have transferred or whether the trial court's action in relation to the petition was correct. As Mother's failure to ensure that a complete certified record was transmitted to this Court has hampered our review of this case, we conclude that Mother waived all of her appellate issues and we affirm the trial court's order.[1]

Order affirmed.

_____

[1] We may not *sua sponte* raise the issue of standing under Pennsylvania Rule of Appellate Procedure 501. **In re Duran**, 769 A.2d 497, 501 n.2 (Pa. Super. 2001). Nevertheless, we note that had D.L.M., III raised the issue before this Court, we would have held that Mother was not an aggrieved party under Rule 501 and would have dismissed the appeal on that basis. Mother wanted the custody case to be handled in Delaware County. She got what she wanted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/8/18</u>