J-S43025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JULIUS W. DODSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLOBAL TEL-LINK CORPORATION | : | No. 118 MDA 2019 |

Appeal from the Order Entered December 18, 2018
In the Court of Common Pleas of Huntingdon County Civil Division at
No(s):  CP-31-CV-673-2017


BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 08, 2019**

Appellant, Julius W. Dodson, appeals *pro se* from the December 18, 2018 Order granting summary judgment in favor of Appellee, Global Tel-Link Corporation.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On September 27, 2015, Appellant, an inmate at SCI-Smithfield, purchased a tablet device from the prison commissary.  Appellee had supplied the tablet to the commissary.  The tablet included a 90-day battery warranty and a 1-year device warranty.  As a user of the tablet, Appellant agreed to the tablet's terms and conditions, which included a disclaimer of all implied warranties.[1]

---

[1] In particular, the warranties contained the following provision: "[Appellee] disclaim[s] all warranties, express or implied, including, without limitation, any implied warranties or merchantability [or] fitness for a particular purpose."  [Appellee] End User License Agreement at ¶ 11.

---

*   Former Justice specially assigned to the Superior Court.

On November 21, 2016, after both the battery and device warranties had expired, Appellant submitted a warranty claim and sent his tablet to Appellee for evaluation. Upon receipt of the tablet, Appellee determined that it no longer worked, but, because it was no longer under warranty, returned it to Appellant unrepaired.

Appellant initiated this lawsuit on May 12, 2017, by filing a *pro se* "Complaint in Arbitration." In the Complaint, Appellant alleged that Appellee had "engage[d] in a breach of expressed and implied warranties of merchantability and fitness for a particular purpose" and was liable for treble damages under the Unfair Trade Practices and Consumer Protection Law ["UTPCPL"]." Complaint, 5/12/17, at 1. He asserted that this "damages controversy is less than $50,000 [], the jurisdictional amount pursuant to the Pennsylvania Uniform Arbitration Act." *Id.* Appellant claimed that Appellee had engaged in "unfair or deceptive acts or practices" by: (1) "[f]ailing to comply with the terms of the written guarantee or warranty;" and (2) "us[ing] a contract related to a consumer transaction which contained a confessed judgment clause that waived [Appellant's] right to assert a legal defense to an action." *Id.* at 6-7. Appellant sought court-mandated compulsory arbitration pursuant to 42 Pa.C.S. § 7361. *Id.* at 1.

Appellee failed to timely answer the Complaint, and on October 25, 2017, Appellant filed a *Praecipe* for Entry of Default Judgment. On November 2, 2017, Appellee filed a Petition to Open and Vacate Default Judgment, which the trial court granted on March 5, 2018. Appellee filed an Answer and New

Matter to Appellant's "Complaint for Arbitration" on March 13, 2018. Appellant answered Appellee's New Matter on May 14, 2018.

On August 15, 2018, Appellant filed a "*Praecipe* for Reference to a Board of Arbitration," seeking an arbitration hearing through the trial court's compulsory arbitration program. On August 27, 2018, the trial court appointed three lawyers as arbitrators and, on October 9, 2018, the court set an arbitration date.

On October 25, 2018, Appellee filed a Motion for Continuance of Arbitration Hearing and a Motion for Summary Judgment. Appellee argued in the Motion for Summary Judgment that Appellant "failed to generate any evidence that supports his claims" and Appellant's claims fails either as a matter of law or because he cannot possibly meet the elements required to prove each claim. Motion, 10/25/18, at ¶ 1-2.

On October 31, 2018, the trial court entered an Order continuing the arbitration hearing until disposition of Appellee's Motion for Summary Judgment. On December 10, 2018, Appellant filed a "Petition to Compel Arbitration in Objection to [Appellee's] Summary Judgment Motion." In his Petition, Appellant claimed, for the first time, that he sought arbitration pursuant to the arbitration clause contained in the warranty agreement between him and Appellee.

Appellee filed a Memorandum in Opposition to Appellant's Petition to Compel Arbitration on December 18, 2018. In the Memorandum, Appellee argued that the trial court should deny Appellant's Petition while its Motion for

Summary Judgment is pending. It also noted that Appellant waived his right to seek arbitration under the terms of the product warranty by filing a lawsuit raising breach of warranty and UTPCPL claims. Memorandum, 12/18/18, at 1 n.1.

On December 18, 2018, the trial court denied Appellant's Petition to Compel Arbitration and granted Appellee's Motion for Summary Judgment, finding that Appellant had "misunderst[ood] the difference between the statutory compulsory arbitration contemplated in 42 Pa.C.S. § 7361, and the binding arbitration clause contained in his product warranty for [the tablet]." Trial Ct. Op., 3/4/19. The court, therefore, concluded that Appellant was not actually seeking a legal judgment, but rather resolution of his claims through private arbitration.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether the trial court erred in failing to compel [Appellee] into arbitration in violation of the arbitration agreement?

2. Whether the trial court erred in finding that summary judgment was an adequate procedure thus ignoring the binding arbitration agreement between the parties?

3. Whether the trial court abused its discretion by accepting [Appellee's] December 18, 2018 "so called" "Memorandum in Opposition to [Appellant's] Petition to Compel Arbitration" thus introducing new claims and not allowing [Appellant] an opportunity to object or respond as the trial court granted summary judgment on the same date there[after]?

Appellant's Brief at 4.

Although Appellant purports to raise three issues on appeal, the argument section of his appellate Brief contains only two enumerated sections, which correlate to the first two questions presented in his Statement of Questions Involved.[2]  In the first section, Appellant alleges that the trial court erred in failed to compel arbitration because the parties have a valid arbitration agreement, the controversy between them falls within its scope, and it requires arbitration of all controversies arising under it.  *Id.* at 9-10. In the second section, Appellant claims that the trial court erred in granting summary judgment because it ignored the binding arbitration agreement between the parties.  *Id.*at 10-11.

> We consider Appellant's issues mindful of the following.
>
> Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled.  A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion.  As with all questions of law, our review is plenary.

*Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 562-63 (Pa. Super. 2014) (citations omitted).

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.  Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [its] cause of action.

---

[2] We, therefore, consider Appellant's third issue abandoned.  *Cook v. Cook*, 186 A.3d 1015, 1018 n.1 (Pa. 2018).

> Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury.

*H & R Block E. Tax Servs., Inc. v. Zarilla*, 69 A.3d 246, 248–49 (Pa. Super. 2013) (citation omitted).

Appellant's Complaint purported to raise an implied warranty claim, an express warranty claim, and a claim that Appellee had violated the UTPCPL. To recover for the breach of the implied warranty of merchantability, a buyer must prove: (1) the existence of the implied warranty; (2) a breach of the warranty; (3) a loss; and (4) a causal connection between the defendant's breach and the buyer's loss. *See* 13 Pa.C.S. § 2314, Comment 13.

In Pennsylvania, express warranties are created as follows: "(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise[;] (2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." 13 Pa.C.S. § 2313(a)(1-2). In order to create an express warranty, "the seller must expressly communicate the terms of the warranty to the buyer in such

a manner that the buyer understands those terms and accepts them." ***Goodman v. PPG Industries Inc.***, 849 A.2d 1239, 1243 (Pa. Super. 2004).

"The UTPCPL is Pennsylvania's consumer protection law and seeks to prevent unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" ***DeArmitt v. New York Life Ins. Co.***, 73 A.3d 578, 591 (Pa.Super. 2013). "The purpose of the UTPCPL is to protect the public from unfair or deceptive business practices." ***Id.*** This Court has stated

> The UTPCPL provides a private right of action for anyone who "suffers any ascertainable loss of money or property" as a result of an unlawful method, act or practice. 73 P.S. § 201-9.2(a). Upon a finding of liability, the court has the discretion to award "up to three times the actual damages sustained" and provide any additional relief the court deems proper. ***Id.***

***Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC***, 40 A.3d 145, 151 (Pa. Super. 2012) (citation omitted). Further, the court may award costs and attorney's fees to a prevailing plaintiff in a UTPCPL action, in addition to other relief provided. 73 P.S. § 201-9.2(a).

As noted above, the record supports the entry of summary judgment where, as here, there are no genuine issues of material fact in dispute and the plaintiff has failed to adduce sufficient facts to make out a *prima facie* cause of action. ***H & R Block***, 69 A.3d at 248-49.

Appellant does not argue on appeal that there are any genuine issues of material fact in dispute which would preclude entry of summary judgment in Appellee's favor, and our review of the record confirms that none exist.

Because the warranty period on Appellant's tablet had expired by the time he submitted the product for a warranty claim, Appellant's express warranty claim is meritless. Additionally, in using his tablet, Appellant agreed to Appellee's End User Agreement, which included a disclaimer of, *inter alia*, "all warranties, express or implied, including, without limitation, any implied warranties of merchantability, [or] fitness for a particular purpose." Appellee End User Agreement at ¶ 11. Last, with respect to his UTPCPL claim, Appellant did not generate evidence to support the misrepresentation, reliance, or "ascertainable loss of money" elements of the claim.

In light of Appellant's failure to present evidence in support of his claims and the absence of any issues of material fact as to the elements of those claims, we conclude that the trial court did not err or abuse its discretion in concluding that Appellee is entitled to judgment as matter of law.

Moreover, we agree with the trial court that Appellant appears to have "misunderst[ood] the difference between the statutory compulsory arbitration contemplated in 42 Pa.C.S. § 7361, and the binding arbitration clause contained in his product warranty for [the tablet]." Trial Ct. Op., 3/4/19. In his Complaint, Appellant initially invoked his claim for arbitration pursuant to 42 Pa.C.S. § 7361 (Compulsory arbitration), asserting that the amount in controversy was below the $50,000 jurisdictional threshold. Not until much later, in his Petition to Compel Arbitration, did Appellant suggest that what he actually sought was a private arbitration pursuant to the terms of the agreement between the parties. Once the trial court recognized that Appellant

was seeking a private remedy, the court properly entered summary judgment in favor of Appellee.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/08/2019