Brian STRAUSS, Appellant

v.

Yildiz STRAUSS, Appellee.

Superior Court of Pennsylvania.

Submitted Jan. 10, 2011.

Filed Aug. 1, 2011.

Reargument Denied Sept. 29, 2011.

Mark B. Dischell, Lansdale, for appellant.

Paul R. Beckert, Jr., Langhorne, for appellee.

BEFORE: FORD ELLIOTT, P.J.E., OTT, and STRASSBURGER *, JJ.

OPINION BY OTT, J.:

Brian Strauss ("Husband") appeals from an equitable distribution order entered in the Bucks County Court of Common Pleas on June 23, 2010.

On appeal, Husband claims the court erred when it determined: (1) monies received by Husband as part of a will contest were marital property and subject to equitable division between the parties, and (2) Husband was not entitled to a credit for payments of alimony *pendente lite* ("APL") made to Yildiz Strauss ("Wife") pursuant to an earlier support agreement. Following a thorough review of the submissions by the parties, the official record, and relevant law, we reverse in part and affirm in part.

Husband and Wife were married on November 22, 2000. There are no children of the marriage. The parties are approximately the same age, have equal education and are employed.

On September 27, 2005, Husband's father, Howard Strauss ("Decedent"), died testate in New Jersey. Shortly thereafter, it was discovered Decedent had executed a Will on September 1, 2005, ("2005 Will"), which voided an earlier Will executed in 1991 ("1991 Will").[1] Husband and his brother, Michael Strauss ("Brother") were residuary beneficiaries under the terms of both Wills. However, the 2005 Will, by virtue of $3,000,000.00 left by specific bequests to several charities, substantially reduced Husband's and Brother's shares in the estate. Pursuant to the 2005 Will, Husband received $229,644.00 as his share of the residuary estate.[2] The parties separated[3] and Husband instituted a divorce action on December 19, 2007.

Prior to the filing of the divorce complaint, Husband and Brother filed an action in New Jersey,[4] contesting the 2005 Will on the grounds Decedent did not have the ability to form the requisite intent to execute the Will due to his weakened mental and physical condition.[5] They sought, *inter alia*, to have the court: 1) declare the 2005 Will invalid; 2) reinstate the 1991 Will; and 3) direct the 1991 Will be submitted for probate. On December 11, 2006, the parties executed a consent order settling the action. Under the terms of the agreement, Husband and Brother, each received $150,000.00.[6]

On September 8, 2009, the divorce court entered an order approving the grounds for divorce and forwarded the unresolved issues to a master. A hearing was held on February 8, 2010. On February 22, 2010, the master filed his report. The master

* Retired Senior Judge assigned to the Superior Court.

1. The original record does not contain copies of the 1991 and the 2005 Wills.

2. The parties do not dispute that this amount is non-marital property arising from a specific bequest or devise pursuant to 23 Pa.C.S. § 3501(a)(3).

3. Husband states the parties separated on November 23, 2005, while Wife maintains the separation did not occur until February 11, 2006. For purposes of this opinion, the actual date of separation does not matter.

4. Superior Court of New Jersey, Chancery Division—Probate Part, Mercer County, Docket No. 05–01574.

5. Decedent executed the disputed Will on September 1, 2005 and died of terminal cancer on September 27, 2005.

6. After payment of counsel fees, each received actual net payment of $130,000.00 which is the amount in dispute herein. N.T. 6/16/2010, at 4, stipulated fact no. 7.

determined, *inter alia,* the proceeds received by Husband from the settlement of the Will contest were non-marital property. Wife appealed *de novo* to the trial court. A hearing was held on June 16, 2010, and the parties waived testimony and submitted a stipulation of facts. On June 23, 2010, the court issued a decree and order, granting the divorce. The trial court found Husband's share of the Will contest settlement proceeds constituted marital property, granted Wife a one-half share, and denied Husband credit for monies paid to Wife as alimony *pendente lite.* Husband took this timely appeal.[7]

■ The parameters for our analysis of an award in equitable distribution are well settled.

> Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.

*Smith v. Smith,* 904 A.2d 15, 18 (Pa.Super.2006) (internal citations omitted).

■ Husband first argues the trial court erred when it held the $130,000.00 received by Husband as settlement of a Will contest was marital property and subject to equitable division between the parties. The issue before us is whether proceeds received by an heir-at-law as settlement of a Will contest become marital property pursuant to 23 Pa.C.S. § 3501 *et seq.* and subject to equitable distribution. Our examination of the case law indicates the question before us is one of first im-

pression in the Pennsylvania appellate courts.

■ In Pennsylvania,[8]

> [a] contestant to the validity of a will does not have standing to do so unless he can prove he would be entitled to participate in the decedent's estate if the will before the court is ruled invalid. To be aggrieved by the probate of a will, the contestant's share of the estate must be smaller because of probate or larger if probate is denied.

*In re Estate of Luongo,* 823 A.2d 942, 954 (Pa.Super.2003) (internal citation omitted).

The trial court reasoned the money received by Husband was marital as "the cause of action accrued at the father's death and the claim involved a lawsuit." Trial Court Opinion, 9/3/2010, at 5. We disagree.

Husband was of the small class of individuals who could have challenged the 2005 Will. Husband was beneficiary under the 1991 Will and therefore, was entitled to participate in Decedent's estate if the 2005 Will was invalidated. Wife did not have standing to challenge Decedent's Will either as an individual or as a spouse.

Under the 2005 Will, Husband was to receive disbursement pursuant to the terms of a residuary clause. Our Supreme Court has long held, "[a] residuary clause is one the language of which, when read in connection with the will as a whole, fairly manifests an intention to make disposition of everything which testator has not otherwise disposed of by the will of which it forms a part." *In re Haak's Estate,* 342 Pa. 93, 18 A.2d 671, 672 (1941). All monies paid to Husband came from the residuary

---

7. Husband filed his appeal and Pa.R.A.P. 1925(b) concise statement on July 16, 2010. The trial court issued an opinion on September 3, 2010 pursuant to Pa.R.A.P. 1925(a).

8. While we acknowledge the Will contest occurred in New Jersey, the situs of the Will contest is not relevant. The trial court made no distinction that the monies came from an action occurring outside of Pennsylvania.

of the estate. The parties acknowledge the $130,000 sum paid to Husband by the charities who had received specific bequests under the 2005 Will was deposited back into the Estate. N.T., 6/16/2010, at 4. Thereafter, the Estate made the following distributions from the residue: (1) $100,000.00 on May 1, 2007; (2) $130,000.00 on May 2, 2007, which was his share of the settlement of the Will contest; (3) $75,000.00 on July 17, 2007; and (4) $54,644.00 in 2008. The money paid to Husband came from the residuary estate and could only be distributed under the terms of the Will. Because the monies were distributed through the Estate, Husband's receipt, as Decedent's beneficiary, is an inheritance and therefore non-marital. The finding of the trial court with regard to this issue is reversed.

 In his second issue, Husband argues the trial court erred in finding he was not entitled to a credit for APL payments made to Wife between October 2009 and June, 2010. Husband states, "the parties entered into a Support Agreement wherein Husband agreed to pay Wife the sum of $550 per month for alimony *pendente lite.* Husband's Brief, at 12."[9] Husband now claims he is entitled to reimbursement for the monies paid. We disagree.

Our standard of review for awards of alimony *pendente lite* is: "If an order of APL is bolstered by competent evidence, the order will not be reversed absent an abuse of discretion by the trial court." *Busse v. Busse,* 921 A.2d 1248, 1255 (Pa.Super.2007) (citation omitted). Further,

[i]n ruling on a claim for alimony *pendente lite,* the court should consider the following factors: the ability of the other party to pay; the separate estate and income of the petitioning party; and the character, situation, and surroundings of the parties.

*Id.* (citations omitted).

In the present matter, Husband earns an annual gross income of $78,000.00 and Wife earns $53,000.00. Husband has separate non-marital assets of $359,644.00 from his inheritance. We conclude because Husband previously agreed to pay Wife APL, and due to the difference in the parties' separate estates and incomes, the trial court did not abuse its discretion when it denied Husband's credit request for $4,950.00 for nine months of APL payments. Husband's second claim fails.

Order reversed in part and affirmed in part.

**In re K.J.**

---

9. Husband did not insure the certified record contained a copy of the original transcript as required pursuant to Pa.R.A.P. 1911.