J-S73018-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| HEATHER M. MILLER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHRISTOPHER M. MILLER, | |
| Appellee | No. 485 WDA 2018 |

Appeal from the Order March 29, 2018
In the Court of Common Pleas of Erie County
Domestic Relations at No(s): NS2015-00162/PACSES 375115123

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY BENDER, P.J.E.:                    FILED FEBRUARY 27, 2019

Heather M. Miller (Mother) appeals from the March 29, 2018 support order issued pursuant to this Court's remand instruction contained in our memorandum opinion[1] filed in response to Christopher M. Miller's (Father) appeal from the trial court's January 8, 2017 order. We affirm.

The trial court set forth the following information in its Pa.R.A.P. 1925(a) opinion, stating:

> Mother, on April 22, 2015, filed a Complaint for Support against Father requesting support for the parties' four minor children, as well as spousal support. Pursuant to the parties' agreement, a June 16, 2015 Order [was] entered setting Father's monthly support obligation at $2,840, plus arrears. The order applied $907.13 monthly to [alimony pendente lite] APL, $1609.54 monthly to child support and ordered a $323.33 monthly mortgage contribution. The Order established Father's

_____

[1] Miller v. Miller, 181 A.3d 1285 (Pa. Super. filed December 29, 2017) (unpublished memorandum) (Miller I).

monthly net income as $7,359.40 and Mother's as $1969.80. Following Father's filing of August 5, 2015 and February 4, 2016 petitions for modification, the support order did not change.

On October 24, 2016, Father filed another Petition for Modification of an Existing Support order alleging that his former earning capacity from operating his own masonry company had been greatly reduced and [was] unable to be reclaimed. Father opined that his actual wages as a mason working for Stewart Concrete, a former competitor to Father's business, should be used to calculate his income. Following a support conference, a November 17, 2016 Interim Order of Court issued[,] increasing Mother's monthly net income to $2,008.14, maintaining Father's monthly net income at $7,359.40, and decreasing Father's support obligation to $2,548.90, plus arrears. The November 17, 2016 Interim Order reduced the overall support obligation to reflect the emancipation of the parties' oldest child and removed the mortgage contribution requirement. Upon Father's Demand for Court Hearing, the undersigned presided over a January 18, 2017 de novo hearing and issued an order o[n] the same date finding the Interim Order appropriate and making it a final order. Father, on February 17, 2017, appealed the January 18, 2017 Order. The Superior Court remanded the case for recalculation of child support using Father's net monthly income as an employee of Stewart Concrete, retroactive to October 24, 2016.

In accordance with the Superior Court's decision, a January 8, 2018 Order issued reducing Father's monthly net income to $3,191.23 and calculating his monthly support obligation as $739.80, plus arrears. The order further provided:

> Support is recalculated using [F]ather's eighteen (18) month earning history. [Father] shall pay $739.80/month support for three minor children effective 10/24/16. The guideline calculation does not call for a Spousal Support obligation. Therefore, Spousal Support is terminated retroactive to 10/24/16. As a result of the retroactive modification a significant overpayment exists. A Notice of Proposed Modification will be sent to [Mother] in an attempt to resolve the overpayment.

Mother, on January 23, 2018, filed a Motion for Reconsideration. The undersigned, on January 31, 2018, granted

Mother's Motion for Reconsideration and scheduled the matter for a March 27, 2018 hearing. Following the hearing, this [c]ourt issued its March 28, 2018 Order, which reduced Father's monthly net income to $3,191.23 in accordance with the remand instructions and removed the APL award. Mother filed her timely appeal.

Trial Court Opinion (TCO), 5/16/18, at 1-3.

In Mother's appeal to this Court, she raises the following single issue for our review:

Did the trial court err in terminating [Mother's] [APL] following remand by this Court of the parties' child support case?

Mother's brief at 4. Notably, Mother does not take issue with the amount awarded as to child support; she only questions the trial court's elimination of the APL award rather than allowing it to remain in effect despite the change in income.

The trial court addressed this issue as follows:

As an initial matter, the parties' divorce is still pending. As Mother's only issue on appeal involves APL, it appears as though the matter is not properly raised on appeal. See Miller v. Miller, 305 WDA 2017[,] citing Hrinkevich v. Hrinkevich, 676 A.2d 237, 239 (Pa. Super. 1996).

Regardless, Mother's issue on appeal is without merit. Counsel argues that it is contrary to the Superior Court's directive to apply Father's actual income to the APL award. Meanwhile, the Superior Court's statements with regard to APL only went to appellate jurisdiction over the same, rather than a directive for this court. See Miller v. Miller, …, 305 WDA 2017 at FNs 1 and 3.[2] The fact that the order was interlocutory for appellate

_____

[2] For purposes of our discussion concerning Mother's arguments, we quote the footnotes included in this Court's Miller I decision, which state as follows:

purposes did not divest this court, as the trial court, of jurisdiction to modify APL. To the contrary, "[a]n award of [APL] may be modified or vacated by a change in circumstances. The award is always within the control of the court." Cook v. Cook, [186 A.3d 1015, 1023] (Pa. Super. 2018)[,] quoting Litmans v. Litmans, 673 A.2d 382, 388 (Pa. Super. 1996). While Mother's argument may be technically correct that the Superior Court left the APL order intact, the reason was that the Superior Court was without jurisdiction to consider the same. This [c]ourt, however, has jurisdiction over APL and determined that the purpose of an APL award is no longer served when Father's income is reduced from $7,359.40 to $3,191.23. Such a reduction is clearly a change in circumstances warranting modification of the APL order.

_____

[1] Mother filed for divorce during 2015 and, as of the date of the January 18, 2017 support hearing, no divorce decree had been entered. While we have jurisdiction to consider claims related to child support, we cannot address issues related to spousal support or [APL] until a divorce decree has been entered and the certified record shows that no economic claims remain to be decided. Hrinkevich v. Hrinkevich, 676 A.2d 237, 239 (Pa. Super. 1996) ("[T]he portion of a trial court order attributable to child support is final and immediately appealable; however, the portion of an order allocated to spousal support is interlocutory."). Hence, we address Father's arguments only as they relate to his child support obligation.

[3] As Father's appeal of the allocated order relating to APL is interlocutory, the calculation of that obligation is not affected by our decisions herein. Hrinkevich, supra. To the extent that Father's independent financial obligation to Mother continues after the entry of a final divorce decree, he can appeal the trial court's determination at th[at] juncture. Thomas v. Thomas, 760 A.2d 397, 398 (Pa. Super. 2000) ("[W]hen all economic matters involved in a divorce are resolved, any support order can be reviewed and corrected when the court finalizes the equitable division of the property.").

Miller I, No. 305 WDA 2017, unpublished memorandum at 1-2, 11 (Pa. Super. filed December 29, 2017).

In making its determination, the Honorable Superior Court provided:

> We find that the trial court's refusal to recognize that the imputed obligation is outdated and contrary to reality, as shown by the certified record, [and] is manifestly unreasonable. Particularly convincing is Father's principled attempt to mitigate the loss of his income and to continue to satisfy a support obligation that is approximately seventy percent of his monthly wages. Stated plainly, to the extent that Father could have earned $7,359.40 per month as the owner of a masonry business, the certified record does not sustain the court's decision to continue to assess that earning capacity at this juncture. As we recognized in Novinger [v. Smith, 880 A.2d 1255,] 1247 [(Pa. Super. 2005)], "[a]t some point, the courts should [revisit the obligor's] true earning capacity. Since the grounds for the court's use of Father's earning capacity as the basis for determining his support obligation, i.e., the appearance of an attempt to shirk his financial responsibilities, have diminished since Father first stipulated to his net monthly income, we conclude that the court abused its discretion in denying Father's petition to modify his support obligation. Support should be calculated in light of Father's eighteen month earning history as an employee working forty to sixty hours per week rather than as the owner of a successful business. Thus, we remand the case with instruction for the trial court to fashion a guideline child support order utilizing Father's net monthly income pursuant to Pa.R.C.P. 1910.16-2 retroactive to October 24, 2016, the date that Father filed the underlying petition.

[Miller v. Miller,] Superior Court Non-Precedential Decision, December 29, 2017 at 10-11. Despite the Superior Court's assessment of Father's $7,359.40 assessed earning capacity as outdated, contrary to reality, manifestly unreasonable and an abuse of discretion, Mother's argument presumes that said earning capacity should be left in place as far as the [APL] award. Such an argument is not only contrary to the law of the case, but it is contrary to a general sense of justice or logic.

TCO at 3-4.

To address Mother's issue on appeal, we are guided by the following:

The Divorce Code provides, "In proper cases, upon petition, the court may allow a spouse reasonable [APL], spousal support and reasonable counsel fees and expenses." 23 Pa.C.S. § 3702. By way of background:

[APL] is an order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding. [APL] is designed to help the dependent spouse maintain the standard of living enjoyed while living with the independent spouse. Also, and perhaps more importantly, [APL] is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets which are the financial sinews of domestic warfare. [APL] is thus not dependent on the status of the party as being a spouse or being remarried but is based, rather, on the state of the litigation…. [T]he purpose of [APL] is to provide the dependent spouse equal standing during the course of the divorce proceeding…. [APL] focuses on the ability of the individual who receives the [APL] during the course of the litigation to defend her/himself, and the only issue is whether the amount is reasonable for the purpose, which turns on the economic resources available to the spouse.

Schenk v. Schenk, 880 A.2d 633, 644 (Pa. Super. 2005).

The amount awarded as [APL] is within the sound discretion of the trial court and, absent an abuse of discretion, will not be disturbed on appeal. Litmans v. Litmans, … 673 A.2d 382, 388 (Pa. Super. 1996). An award of [APL] "may be modified or vacated by a change in circumstances. The award is always within the control of the court. It is the burden of the party seeking to modify an order of support to show by competent evidence that a change of circumstances justifies a modification." Id. (citations omitted). "If an order of [APL] is bolstered by competent evidence, the order will not be reversed absent an abuse of discretion by the trial court." Strauss v. Strauss, 27 A.3d 233, 236 (Pa. Super. 2011).

> Pursuant to Pa.R.C.P. 1910.16-2, "the amount of support to be awarded is based upon the parties' monthly net income." The same rule directs that, to arrive at monthly net income, the court shall deduct specific items from monthly gross income. Pa.R.C.P. 1910.16-2(c). In addition, the rule instructs that "[m]onthly gross income is ordinarily based upon at least a six-month average of all of a party's income." Pa.R.C.P. 1910.16-2(a) (emphasis added).

Cook v. Cook, 186 A.3d 1015, 1022-23 (Pa. Super. 2018) (underlined emphasis added).

The essence of Mother's argument on appeal is that the APL award should have remained in effect because this Court's remand in conjunction with the Miller I appeal only included a directive as to child support and that, therefore, the trial court had no authority to retroactively terminate the APL award. Mother further asserts that the modification of APL could only occur at the conclusion of the final decision or settlement of equitable distribution. We disagree.

First, we rely on the portion of this Court's Cook decision that we have underlined supra, which allows for modification of APL due to a change in circumstances and provides that the award remain under the control of the trial court. Moreover, this Court's Miller I decision provided that it did not have jurisdiction over the trial court's APL ruling. Thus, it remanded the case back to the trial court for calculations solely dealing with Father's child support obligation. Additionally, we note that the Miller I decision was filed on December 29, 2017. Therefore, the trial court's order issued on January 8, 2018, eliminating Father's APL obligation occurred after this Court's

relinquishment of jurisdiction of the entire case. Nothing in the Miller I decision indicates that this Court retained jurisdiction of the APL issue.

Also, we must disagree with Mother's argument, citing Fried v. Fried, 501 A.2d 211 (Pa. 1985), that the APL order should have remained in effect until the equitable distribution portion of the matter was concluded (when the divorce decree would be entered). Mother misinterprets the Fried decision, which directs that appeals from interlocutory orders, such as an APL order, are unappealable. Id. at 215. However, the Fried case does not stand for the proposition that an APL order cannot be modified or vacated due to a change in circumstances.

Accordingly, we conclude that the trial court did not abuse its discretion in directing the elimination of the APL payment to Mother due to a change in circumstances. We, therefore, affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2019

- 8 -