**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: RAYMOND C. NACE, A/K/A RAYMOND C. NACE, JR. | : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: SANDY MICHAEL NACE | : | No. 1067 MDA 2019 |

Appeal from the Decree Entered June 10, 2019
In the Court of Common Pleas of Lancaster County
Orphans' Court at No(s): 2017-02418

BEFORE: KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:       **FILED: AUGUST 31, 2020**

Appellant, Sandy Michael Nace, appeals from the decree entered in the Lancaster County Court of Common Pleas, which denied his challenge to the validity of the Last Will and Testament of Raymond C. Nace ("Decedent"). We affirm.

The relevant facts and procedural history of this case are as follows. Decedent died testate on October 13, 2017. Decedent was survived by four children—Christine Harsh, Jennifer Leonard, Danny Nace, and Richard Nace— and two stepchildren, Sherry Lynn Nace and Appellant.[1] In a will dated

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant is Decedent's stepchild from his marriage to his first wife, with whom Decedent had his four children. Sherry Lynn Nace is Decedent's stepchild from his marriage to his second wife. For ease of discussion, we will refer to Decedent's children and Sherry Lynn Nace as Appellant's siblings.

February 13, 2003 ("2003 Will"), Decedent named Appellant's siblings as residual beneficiaries of Decedent's estate. The 2003 Will specifically excluded Appellant, as follows:

> Notwithstanding any other provision of this will, S. Michael Nace and all of his issue shall be deemed to have predeceased me and shall not be entitled to receive any portion of my estate under any circumstances.

(*See* Will of Decedent, dated 2/13/03, at 5). The 2003 Will was admitted for probate on October 27, 2017.

On December 12, 2017, Appellant filed a *pro se* complaint contesting the validity of the 2003 Will, and the court subsequently appointed counsel. On September 25, 2018, and December 10, 2018, the court conducted hearings concerning Appellant's will contest. Appellant, who was incarcerated at the time, participated via video conference from SCI-Smithfield.

At the hearings, Appellant testified that his mother and Decedent were married when Appellant was born, and Appellant's birth certificate names Decedent as his father. Appellant explained his mother conceived Appellant as the result of an extra-marital affair. Appellant conceded that Decedent is not his biological father and Decedent never adopted him. Appellant said that his mother and Decedent divorced, and he lived with Decedent, Decedent's second wife, and Appellant's siblings. Appellant believed Decedent was his biological father until he was approximately 12 or 14 years old, when he began living with his mother. Approximately three years later, Appellant resumed contact with Decedent, but continued to reside with his mother. (*See* N.T.

Hearing, 9/25/18, at 7-12).

Theodore Brubaker, Esq., the scrivener of the 2003 Will, also testified at the hearings. Attorney Brubaker said that Decedent came to his office in 2003 to update his will. As part of the drafting process for the 2003 Will, Decedent provided Attorney Brubaker with a copy of a previous will from 1998 ("1998 Will"). Attorney Brubaker explained that Item 5 of the 1998 Will specifically excluded Appellant from inheriting from Decedent's estate. Attorney Brubaker testified that Decedent expressed his intent to retain Item 5's exclusion provision in the 2003 Will. Attorney Brubaker believed Decedent had the requisite capacity to execute the 2003 Will. (**See** N.T. Hearing, 12/10/18, at 26-38).

On June 7, 2019, the court entered a decree denying Appellant's challenge to the validity of the 2003 Will. Appellant timely filed a notice of appeal on July 1, 2019. On July 3, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on July 23, 2019, and with the court's permission, an amended Rule 1925(b) statement on November 19, 2019.

Appellant raises the following issues for our review:

> Did the trial court err in holding that Appellant lacks standing to contest the [2003] Will because he had no pecuniary interest in a prior will, which however, had never been authenticated or probated?

> Did the trial court err in finding that Appellant failed to

establish by clear and convincing evidence that Decedent
was unduly influenced by other beneficiaries to exclude him
from his will?

(Appellant's Brief at 4).

Our standard of review of the findings of an [O]rphans'
[C]ourt is deferential.

When reviewing a decree entered by the Orphans'
Court, this Court must determine whether the record
is free from legal error and the court's factual findings
are supported by the evidence. Because the Orphans'
Court sits as the fact-finder, it determines the
credibility of the witnesses and, on review, we will not
reverse its credibility determinations absent an abuse
of that discretion.

However, we are not constrained to give the same deference
to any resulting legal conclusions.

*In re Estate of Harrison*, 745 A.2d 676, 678 (Pa.Super. 2000), *appeal
denied*, 563 Pa. 646, 758 A.2d 1200 (2000) (internal citations and quotation
marks omitted). "[T]he Orphans' [C]ourt decision will not be reversed unless
there has been an abuse of discretion or a fundamental error in applying the
correct principles of law." *In re Estate of Luongo*, 823 A.2d 942, 951
(Pa.Super. 2003), *appeal denied*, 577 Pa. 722, 847 A.2d 1287 (2003).

On appeal, Appellant argues he has standing to contest the 2003 Will.
Appellant avers the trial court improperly concluded Appellant is not entitled
to a bequest on the basis that even if the 2003 Will is void for undue influence,
the 1998 Will would control, which also excludes Appellant. Appellant opines
the 1998 Will is a product of undue influence as well. Appellant claims he has
an intestate and pecuniary interest in Decedent's estate because both wills

are invalid.  Appellant concludes this Court should reverse the order denying his challenge to the validity of the 2003 Will.  We disagree.

Initially, "a party must have standing to contest probate of a decedent's will."  *Id.* at 953.  The right to appeal in a will contest is statutory and defined in Section 908 of the Probates, Estates, and Fiduciaries Code, which provides in pertinent part as follows:

> **§ 908.  Appeals**
>
> **(a) When allowed.**—Any party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved may appeal therefrom to the court within one year of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it….

20 Pa.C.S.A. § 908(a).

> In essence, a party has the requisite standing to contest a will when that party is **aggrieved** by a judgment, decree or order of the register, in the sense that some pecuniary **interest** of that party has been injuriously affected.  When a statute creates a cause of action and designates who may sue, the issue of standing becomes interwoven with that of subject matter jurisdiction.  Standing then becomes a jurisdictional prerequisite to an action, [and] can be raised at any time, by any party, or by the court *sua sponte.*

*Luongo, supra* at 953-54 (internal citations and quotation marks removed) (emphasis in original).

In Pennsylvania,

> [a] contestant to the validity of a will does not have standing to do so unless he can prove he would be entitled to participate in the decedent's estate if the will before the court is ruled invalid.  To be aggrieved by the probate of a

will, the contestant's share of the estate must be smaller because of probate or larger if probate is denied.

**Strauss v. Strauss**, 27 A.3d 233, 235 (Pa.Super. 2011) (quoting **Luongo, supra** at 954).

Interest in the outcome of a will contest "must be substantial, direct, and immediate to confer standing." **Estate of Briskman**, 808 A.2d 928, 933 (Pa.Super. 2002), *appeal denied*, 574 Pa. 769, 833 A.2d 140 (2003).

> A "substantial" interest is an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law. A "direct" interest requires a showing that the matter complained of caused harm to the party's interest. An "immediate" interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it, and is shown where the interest the party seeks to protect is within the zone of interests sought to be protected by the statute or constitutional guarantee in question.

*Id.* (holding that intestate heir not named as beneficiary under 1993 will had no standing to challenge admission of that will into probate; even if 1993 will failed, previous 1984 will granted her only contingent interest in estate as successor trustee, which did not confer upon her "substantial, direct, and immediate" interest; contestant's "contingent interest, either as a successor trustee under the 1984 will, or as an intestate heir at law if both wills are deemed invalid, is too remote to confer upon her an interest in the probate of the 1993 will").

Instantly, the record shows that both Decedent's 1998 Will and 2003 Will specifically excluded Appellant as a beneficiary of Decedent's estate. At the hearings on Appellant's complaint, Appellant conceded Decedent is not his

biological father and that Decedent did not adopt him.

Here, Appellant has no pecuniary interest in Decedent's estate under the 2003 Will. Further, if the 2003 Will is void or invalid, Decedent's 1998 Will becomes effective. **See In re Estate of Sidlow**, 543 A.2d 1143, 1145 (Pa.Super. 1988) (stating: "…the doctrine of relative revocation revives an earlier will which has been impliedly revoked by a subsequent will which is later declared invalid"). Because Decedent's 1998 Will also excludes Appellant as a beneficiary, Appellant lacks a pecuniary interest in Decedent's estate under both wills. **See Strauss, supra.**

Additionally, even if both of Decedent's wills were declared invalid or void, Appellant is not an intestate heir of Decedent under Pennsylvania's intestacy laws because Appellant is not Decedent's biological or adopted son. **See** 20 Pa.C.S.A. §§ 2103(1), 2108. Thus, neither Decedent's wills nor the laws of intestacy grant Appellant a substantial, direct, and immediate interest in this will contest, from which Appellant can be considered an aggrieved party. **See Strauss, supra**; **Luongo, supra**; **Briskman, supra**. Therefore, Appellant lacks standing to contest the validity of the 2003 Will. **See Strauss, supra**; **Luongo, supra**. Accordingly, we affirm.[2]

Decree affirmed.

---

[2] Due to our disposition, we need not address the merits of Appellant's undue influence claim. **See Briskman, supra** at 931 (declining to address party's outstanding claims because party lacked standing to challenge will); **Estate of Seasongood**, 467 A.2d 857, 859 n.2 (Pa.Super. 1983) (stating same).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/31/2020