J-S45044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ARLENE W. REICH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BLAIR J. REICH | : | |
| | : | |
| Appellant | : | No. 875 MDA 2023 |

Appeal from the Order Entered May 16, 2023
In the Court of Common Pleas of Lancaster County Domestic Relations at
No(s): 2021-00333,
PACSES 967300735

BEFORE: BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: FEBRUARY 16, 2024**

Blair J. Reich ("Father") appeals from the trial court's May 16, 2023 order entered in the Lancaster County Court of Common Pleas directing him to pay Appellee, Arelene W. Reich ("Mother"), $6,769.65 per month in child support and ***alimony pendente lite*** ("APL"), plus $677 per month in arrears, effective March 14, 2022; and $5047.80 per month, plus $505 per month in arrears, effective July 1, 2022. After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows: The parties were married on August 2, 2002 and separated on November 30, 2019. The parties have three minor children born of the marriage, and they share physical custody of children equally. A divorce complaint was filed on September 16, 2020. On March 2,

---

[*] Former Justice specially assigned to the Superior Court.

2021, Mother filed a complaint for support against Father, seeking child support and APL.

Following several conferences and hearings, some of which were rescheduled, as well as the entry of multiple interim support orders, the trial court ultimately held a complex support hearing before the Honorable Christopher Hackman on April 18, 2023. Both Father and Mother testified at length at the April 18, 2023 hearing.

Thereafter, on May 16, 2023, the trial court ordered Father to pay Mother $6,769.65 per month in child support and APL, plus $677 per month in arrears, effective March 14, 2022; and $5047.80 per month, plus $505 per month in arrears, effective July 1, 2022. *See* trial court order, 5/16/23 at 1-2. Father also pays the tuition and costs associated with the children's attendance at the Waldorf School, a private school that is approximately $30,000.00 per year.

The trial court summarized the following findings in support of its computation of Father's income and support obligation:

> [Father] is an entrepreneur in the cryptocurrencies markets. Although [Father] has interest in many ventures relating to cryptocurrency, only two are generating income for him.
>
> [Father] is the founder and CEO of Steam Monsters, Corp. Although [Father] currently has a minority interest in the company, he is compensated by salary. [Father's] salary as CEO is $120,000, but his salary is currently reduced to $96,000 due to a company-wide policy that reduces the salary of executives as a result of reduction in revenue. [Father's] Federal personal

income tax return for 2022, reflects a $96,000 salary from Ste[a]m Monster, which is what the trial court utilized in its calculation.

[Father] owns a 99 percent interest in Peace, Prosperity, and Freedom, LLC ("PPF"). PPF receives payments for providing services to Steam Monsters. [Father's] paramour owns the remaining 1% of PPF. As such, [Father] receives business income from PPF.

The trial court utilized [Father's] 2022 salary as CEO of Ste[a]m Monster of $96.000. Additionally, the trial court utilized the gross receipts stated in PPF's 2021 Amended Federal Tax Return and deducted PPF's reasonable business expenses based upon [Father's] testimony. The trial court calculated [Father's] business income as follows[:]

| | |
|---|---|
| PPF's Gross Receipts: | $455,076 |
| Return of Capital for Real Blocks: | -$50,000 |
| Supplies and Software: | -$16,398 |
| Meals (Out of State): | -$5000 |
| Maintenance: | -$425 |
| Office Radiator: | -$3,258 |
| Insurance: | -$495 |
| Legal and Professional Services: | -$500 |
| Sales: | -$45,000 |
| | |
| Total: | $334,000 |

After determining [Father's] income, the trial court completed a guidelines calculation of the support obligation and entered its order accordingly. This calculation considered the costs that [Father] pays for the parties' children to attend private school pursuant to an agreement reached by the parties at a custody hearing earlier in the year.

Trial court opinion, 7/27/23 at 2-3 (citations and headings omitted).

This timely appeal followed. On June 23, 2023, Father filed a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On July 27, 2023, the trial court filed its Rule 1925(a) opinion.

Father raises the following issues for our review:

I. Did the court err and abuse its discretion in basing the instant support order on Father's 2021 income instead of his 2022 income inasmuch as he filed the petition to modify on March 14, 2022, and Father's 2022 income tax return was timely submitted to the court?

II. Did the court err and abuse its discretion in in that it did not give appropriate consideration to any of Father's reasonable business expenses in determining Father's income?

III. Did the Court err and abuse its discretion in that it did not take into consideration the fact that Father's business did not do well in 2022 for reasons which were completely beyond Father's control?

IV. Did the Court err in that it did not consider the fact that the income which Father has received from his business in year-to-date 2023 is substantially less than his income in both 2021 and 2022?

V. Did the Court err in that it did not consider the fact that Father's only source of income is a company of which Father is a minority shareholder?

Father's brief at 5-6.

Prior to addressing the merits of Father's claims, we must first determine the appealability of the May 16, 2023 support order, as questions concerning appealability of an order go to the jurisdiction of the court to hear

the appeal and may be raised **sua sponte**. **Interest of Z.V.**, 158 A.3d 665, 669 (Pa.Super. 2017).

In the instant matter, the order at issue is an unallocated support order, i.e., it does not make separate provisions for child support and separate provisions for spousal support. Historically, this Court has relied on Pennsylvania of Civil Procedure 1910.16(b), which was rescinded on January 1, 2019, to support the appealability of an unallocated support order. **See Diament v. Diament**, 771 A.2d 793, 795 (Pa.Super. 2001). Prior to its recission, Rule 1910.16 provided, in relevant part, that "[a]n unallocated order in favor of the spouse and one or more children shall be a final order as to all claims covered in the order." Pa.R.C.P. 1910.16(b); **see also** Pa.R.C.P. 1920.56 (setting forth the same language in the context of allocation of "an order awarding child support combined with spousal support, **alimony pendente lite** or both[.]").

If an order addresses both child support and spousal support, the child support issue is immediately appealable. **See Capuano v. Capuano**, 823 A.2d 995, 998 (Pa.Super. 2003). In contrast, the appealability of the spousal support issue depends on whether the economic aspects of a divorce are still being litigated:

> A spousal support order entered during the pendency of a divorce action is not appealable until all claims connected with the divorce action are resolved. The rationale behind this rule is that, for purposes of judicial efficiency, in the event that an initial award of interim relief is granted in error, the court has the

> power to make adjustments in the final settlement via the equitable distribution of marital property. Thus, when all economic matters involved in a divorce are resolved, any support order can be reviewed and corrected when the court finalizes the equitable division of the property.

*Id.* at 998–999 (citations omitted). An order awarding APL, in turn, is "an order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding." *Carney v. Carney*, 167 A.3d 127, 134 (Pa.Super. 2017) (citation omitted).

Based on the foregoing, it is clear that the order in question appears to constitute an appealable unallocated support order with regard to both child support and APL. Accordingly, we now turn to Father's arguments on appeal.

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*M.E.W. v. W.L.W.*, 240 A.3d 626, 634 (Pa.Super. 2020) (citation omitted).

"[W]ith regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand. When the trial court sits as fact finder,

- 6 -

the weight to be assigned the testimony of the witnesses is within its exclusive province . . . and the court is free to choose to believe all, part, or none of the evidence presented." *Mackay v. Mackay*, 984 A.2d 529, 533 (Pa.Super. 2009) (citations and internal quotation marks omitted), *appeal denied*, 995 A.2d 354 (Pa. 2010).

Likewise, "[t]he amount awarded as alimony pendente lite is within the sound discretion of the trial court and, absent an abuse of discretion, will not be disturbed on appeal." *Cook v. Cook*, 186 A.3d 1015, 1023 (Pa.Super. 2018) (citation omitted). "In ruling on a claim for alimony pendente lite, the court should consider the following factors: the ability of the other party to pay; the separate estate and income of the petitioning party; and the character, situation, and surroundings of the parties." *Strauss v. Strauss*, 27 A.3d 233, 236 (Pa.Super. 2011) (citation and brackets omitted).

Following our thorough review of the record, including the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that Father's claims on appeal warrant no relief. The trial court's Rule 1925(a) opinion comprehensively discussed each of Father's five issues and concluded that they were without merit. We find that the trial court's conclusions are supported by competent evidence and are clearly free of legal error.

Specifically, we agree with the trial court that its determination of Father's income was properly based on evidence supported in the record and

that it "gave proper consideration to [Father's] reasonable business expenses." **See** trial court Rule 1925(a) opinion, 7/27/23 at 3-4. We also agree with the trial court's conclusions that the record did not support a finding that Father's company, PPF LLC, did poorly in 2022, nor was Father's business income was marginally reduced in 2023. **Id.** at 5. Additionally, we agree with the trial court that there is no merit to Father's contention that his income is derived solely from his interest as a minority shareholder in Steam Monsters Corp., Inc. As the trial court noted, "[Father] receives income from Ste[a]m Monsters in two ways: "[Father] is a W2 employee of Ste[a]m Monsters and [Father] receives business income from Ste[a]m Monsters in the form of payments to PPF." **Id.** at 6.

Accordingly, we adopt the comprehensive and well-reasoned July 27, 2023 opinion of the Honorable Christopher A. Hackman as our own for purposes of this appellate review.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/16/2024

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION

ARLENE W. REICH
        Plaintiff,

v.

BLAIR J. REICH,
        Defendant.

Docket No. 2021-00333

PACSES No. 967300735

ENTERED AND FILED

JUL 27 2023

### 1925(A) OPINION

BY: HACKMAN, J

July 25, 2023

This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate

Procedure. The Appellant, through his counsel, appeals the trial court's decision for a support

order. The Appellant filed a Statement of Errors, stating five (5) issue on appeal:

1. The [trial court] erred in basing the instant Support Order on Father's 2021 Income instead of his 2022 income inasmuch as he filed the Complaint to Modify on February 16, 2022 and Father's 2022 Income Tax Return was timely submitted to the [trial court].

2. The [trial court] erred in that it did not give appropriate consideration to any of Father's reasonable business expenses in determining Father's Income.

3. The [trial court] erred in that it did not take into consideration the fact that Father's business did not do well in 2022 for reasons which were completely beyond Father's control.

4. The [trial court] did not consider the fact that the income which Father has received from his business in year-to-date 2023 is substantially less than in both 2021 and 2022.

5. The [trial court] did not consider the fact that Father's only source of income is a company of which Father is a minority Shareholder.

The trial court submits that its decision should be affirmed in its entirety.

### I.    Appellant's Income:

Appellant is an entrepreneur in the cryptocurrencies markets. Although Appellant has interest in many ventures relating to cryptocurrency, only two are generating income for him. (Transcript, April 18, 2023, pg. 28)

Appellant is the founder and CEO of Steam Monsters, Corp. Although Appellant currently has a minority interest in the company, he is compensated by salary. Appellant's salary as CEO is $120,000, but his salary is currently reduced to $96,000 due to a company-wide policy that reduces the salary of executives as a result of reduction in revenue. (Transcript, April 18, 2023, pg. 53). Appellant's Federal personal income tax return for 2022, reflects a $96,000 salary from Steem Monster, which is what the trial court utilized in its calculation.

Appellant owns a 99 percent interest in Peace, Prosperity, and Freedom, LLC ("PPF"). PPF receives payments for providing services to Steem Monsters. Appellant's paramour owns the remaining 1% of PPF. As such, Appellant receives business income from PPF.

## II. Trial Court's Computation of Appellant's Income and Support Obligation:

The trial court utilized Appellant's 2022 salary as CEO of Steem Monsters of $ 96,000 Additionally, the trial court utilized the gross receipts stated in PPF's 2021 Amended Federal Tax Return (Defendant's Exhibit 11) and deducted PPF's reasonable business expenses based upon Appellant's testimony. The trial court calculated Appellant's business income as follows.

| | |
|---|---|
| PPF's Gross Receipts: | $455,076 |
| Return of Capital for Real Blocks: | - $50,000 |
| Supplies and Software: | - $16,398 |
| Meals (Out of State): | - $5000 |
| Maintenance: | - $425 |
| Office Radiator: | - $3,258 |
| Insurance: | - $495 |
| Legal and Professional Services: | - $500 |
| Sales: | - $45,000 |
| Total: | $334,000 |

After determining Appellant's income, the trial court completed a guidelines calculation of the support obligation and entered its order accordingly. This calculation considered the costs that Appellant pays for the parties' children to attend private school pursuant to an agreement reached by the parties at a custody hearing earlier in the year.

## III.    First Issue Complained on Appeal:

As stated above, the trial court utilized Appellant's 2022 reduced salary, which is the salary that he continues to earn in 2023. Regarding Appellant's business income, the trial court calculated Appellant's business income based upon the evidence in the record. The trial court determined if the deductions were reasonable business based upon Appellant's testimony, including his cross examination, where Appellant testified in detail about the breakdown of his costs associated with the business. (Plaintiff's Exhibit 1, Tab 3).

Appellant testified that he filed a 2022 tax return for PPF but failed to provide a copy of the return as evidence. Appellant was granted 3 separate continuances over the course of a year to produce evidence in support of his position. However, on the day of the hearing, Appellant asked to proceed.

Appellant was given many opportunities to produce evidence, including the trial court's decision to keep the record open for additional time after the conclusion of the hearing for the submission of evidence for consideration. Appellant did not provide any evidence in support of his position that his business income was less than it was in 2021 other than his vague testimony that did not provide any actual numbers for the trial court to consider.

Furthermore, the trial court could not rely upon Appellant's testimony regarding changes in his business income without hard evidence. As described in more detail below, based upon Appellant's testimony, it was clear to the trial court that there is a vast deficit in what Appellant

3

considers to be income and what is considered income for purposes of calculating a support obligation. Accordingly, the trial court properly based Appellant's income on evidence supported in the record.

## IV.    Second Issue Complained on Appeal

The trial court gave proper consideration to Appellant's reasonable business expenses. The trial court was not persuaded that Appellant's personal grocery bills, personal vehicle, swimming pool, take-out meals, local restaurant receipts, and home renovations were reasonable business expenses.

Appellant testified that half of his Costco purchases deducted from PPF's taxable income were for groceries. Appellant testified that he deducts his groceries from his income because "it's not uncommon for businesses to purchase and make food available for use." (Transcript, April 18, 2023, pg. 113). The trial court found that this expense is not a reasonable business expense.

For the same reasons, the trial court found that Appellant's meals at local dine-in and take-out restaurants were not deductible from Appellant's income.

Appellant's roof replacement, HVAC upgrade, mortgage, janitorial services, and other home renovations could not be deducted from Appellant's income. Appellant owns a 5,023 square feet home with 4 bedrooms and a pool (Transcript, April 18, 2023, pg. 74, 144) Appellant's paramour, and his four children reside in the home with him.

Appellant testified his swimming pool is used for his business because he sometimes takes business calls while swimming in his pool and that, in the future, he may host people in his cryptocurrency network for a pool party. (Transcript, April 18, 2023, pg. 131). Thus, Appellant asked the trial court to deduct costs to restore and maintain his pool from his business income. The trial court found that the costs associated with having a swimming pool to take phone calls

4

in from time to time is not a reasonable business expense, and the swimming pool is used for personal use.

The trial court found that Appellant's vehicle is used for personal use. The trial court was not persuaded that the vehicle is a reasonable business expense because it is used to travel to a satellite office a few times a year, as the vehicle is used regularly to transport Appellant's children and for personal travel. (Transcript, April 18, 2023, pg. 136).

Additionally, Appellant testified regarding other costs that he sought to be deducted from his income for purposes of support. The trial court found that these costs were not reasonable business expenses and should be included in Appellant's income for purposes of support.

Thus, the trial court properly considered Appellant's reasonable business expenses.

## V.     Third Issue Complained on Appeal:

The trial court considered Steem Monsters' salary reduction policy in its calculation by using the reduced salary that Appellant earned in 2022 of $96,000 and continues to earn in 2023. The record did not support a finding that PPF did poorly in 2022. Appellant did not provide any evidence other than his unreliable testimony despite receiving the benefit of multiple continuances over the course of a year.

## VI.     Fourth Issue Complained on Appeal:

The record did not support a finding that Appellant's business income being materially reduced in 2023. Appellant did not provide any evidence in support of this claim. Furthermore, the hearing occurred on April 18, 2023, only three and a half months into 2023. Based upon the evidence before the trial court, the trial court was not persuaded that it should find Appellant's income to be any different from what he claimed on his tax returns, supported by his own testimony, and a detailed breakdown of his spending accounts. Appellant continues to have the

option to file a modification of the support obligation if he has experienced a change in circumstances.

## VII. Fifth Issue Complained on Appeal:

As established above, Appellant's income is not derived from his interest as a minority shareholder in Steem Monsters. Appellant receives income from Steem Monsters in two ways: Appellant is a W2 employee of Steem Monsters and Appellant receives business income from Steem Monsters in the form of payments to PPF.

## Conclusion:

For the above stated reasons, the trial court submits that the trial court's decision should be affirmed.

RESPECTFULLY SUBMITTED,

CHRISTOPHER A. HACKMAN, JUDGE

Attest:

Copies to:
  Wendy Chan, counsel for Plaintiff
  Sandra Edwards Gray, counsel for Defendant

6